/ to Court

(13)
8-10-01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK, | : | CIVIL ACTION NO. 1:01-CV-786 |
| Plaintiff, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| JOHN M. ORTENZIO, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

FILED
HARRISBURG, PA
AUG 0 9 2001
MARY E. D'ANDREA
Per _____ CLERK
Deputy Clerk

AMENDED ANSWER AND NEW MATTER

COMES NOW, defendant John M. Ortenzio (Ortenzio) and answers the complaint of plaintiff Allfirst Bank (Allfirst") as follows:

1. States that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 1.

2. Admitted.

3. Admitted.

4. States that this Paragraph sets forth a conclusion of law to which no responsive pleading is required.

5. Admitted.

6. – 7. Admitted in part; denied in part. Admitted that Exhibit A to the complaint is a true and correct copy of the Film Note, which is a writing and speaks for itself. The balance of the allegations is denied. By way of further response, states that the Film Note is only one of several writings governing the rights and obligations as between CCI and Allfirst. It is specifically denied that any of those writings, including the Film Note, created any liability or obligation on the part of Mr. Ortenzio to Allfirst, except as may be expressly set forth therein.

8. Admitted.

9. Admitted in part; denied in part. It is admitted that in November, 1999, CCI requested an additional, temporary extension of credit in the amount stated and that CCI was experiencing a cash flow crunch. The balance of the allegations is denied.

10. States that he is without sufficient information or information to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 10. The second sentence of Paragraph 10 is admitted. The balance of the allegations is denied except admits that Mr. Ortenzio agreed to guarantee the new temporary loan facility pursuant to the terms and conditions set forth in the loan documents. Denied that Mr. Ortenzio assumed any obligation or liability to Allfirst other than as is expressly set forth in the loan documents.

11. Admitted.

12. Admitted that on or about November 8, 1999, Mr. Ortenzio executed the Suretyship Agreement attached to the complaint as Exhibit C. Reference is made thereto for the terms thereof. The balance of the allegations is denied.

13. Denied. To the contrary, CCI was solvent and able to meet its obligations in the ordinary course, relying on cash flow and its pre-existing line of credit.

14. Admitted as stated. Denied that Mr. Ortenzio had any obligation or liability to Allfirst other than as may be created by the express terms of the loan documents, including but not limited to the Suretyship Agreement.

15. States that, without access to the Bank's records, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this Paragraph. It is specifically denied that Mr. Ortenzio had any obligation or liability to Allfirst other than as may be created by the express terms of the loan documents, including but no limited to the Suretyship Agreement.

16. States that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this Paragraph.

17. Denied.

18. Denied.

19. Admitted that Mr. Ortenzio met with Allfirst's representatives on or about February 18, 2000. The balance of the allegations is denied.

20. Admitted that, on or about February 24, 2000, Allfirst issued the default letter attached to the complaint as Exhibit D. Reference is made thereto for the terms thereof. The balance of the allegations is denied.

21. States that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this Paragraph.

22. States that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this Paragraph.

23. States that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this Paragraph, except admits that on or about May 19, 2000, CCI filed for relief under Chapter 11 of the U.S. Bankruptcy Code.

24. Admitted.

25. Repeats and incorporates herein by reference his responses to Paragraphs 1 – 24.

26. Denied.

27. Admits that the revolving line of credit to CCI was not paid in full but states that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this Paragraph.

28. Denied.

29. Denied.

30. Denied.

31. Repeats and incorporates herein by reference his responses to Paragraphs 1 – 30.

32. Denied.

33. Denied.

34. Denied.

By way of further response, defendant alleges the following:

## NEW MATTER ·

35. The complaint fails to state a claim upon which relief can be granted.

36. Plaintiff's claims are barred by the equitable doctrines of waiver, laches and estoppel..

37. Plaintiff's claims are barred by the doctrine of unclean hands in that, by unlawfully calling the loans, confessing judgment against CCI and attaching assets, all in violation of the loan documents, Allfirst itself caused the insolvency and subsequent bankruptcy of CCI.

38. For the same reason, the proximate cause of any loss sustained by plaintiff was Allfirst's own wrongful conduct, to wit: its violation of the loan documents as detailed above.

39. To the extent plaintiff's claims sound in contract, they are barred by Allfirst's own prior, material breaches of the loan documents, as detailed above.

40. To the extent plaintiff's claims sound in tort, Mr. Ortenzio owed no duty and assumed no liability or obligation to Allfirst other than as may be expressly set forth in the loan documents, including but not limited to the Suretyship Agreement. Furthermore, plaintiff's claims are barred by its own deliberate or contributorily negligent conduct in confessing judgment against CCI in a way not authorized by the loan documents.

41. Plaintiff's claims are barred by the doctrine of supervening or intervening cause.


WHEREFORE, defendant John M. Ortenzio demands that the Court enter judgment in his favor and against plaintiff Allfirst Bank, dismissing the complaint with prejudice and ordering that plaintiff take nothing by reason thereof and awarding defendant his cost of suit, including attorneys' fees and costs.


JAMES G. WILES

By: _____

James G. Wiles
PA ID NO. 40496
P.O.Box 442
Yardley, PA 19067
(215) 295-6892

Attorney for Defendant


DATED: August 7. 2001

## CERTIFICATE OF SERVICE

I hereby certify that I today served the foregoing paper on all counsel of record by mailing a copy thereof via first class mail, postage prepaid, to the following:

Lawrence J. Gebhardt, Esquire
GEBHARDT & SMITH LLP
The World Trade Center, 9th floor
401 East Pratt Street
Baltimore, MD 21202

DATED: August 8, 2001

JAMES G. WILES