**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK, | : | CIVIL ACTION NO. 1:01-CV-786 |
| Plaintiff, | : | Judge Rambo |
| | : | **FILED** |
| v. | : | HARRISBURG, PA |
| | : | AUG 1 3 2001 |
| JOHN M. ORTENZIO, | : | MARY E. D'ANDREA, CLERK |
| Defendant. | : | Per _____ Deputy Clerk |

### DEFENDANT JOHN M. ORTENZIO'S AMENDED ANSWER

Defendant, John M. Ortenzio ("Ortenzio"), by and through his counsel, Blank Rome Comisky & McCauley LLP, hereby answers the Complaint of Plaintiff, Allfirst Bank ("Allfirst") as follows:

1.  Ortenzio states that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 1.

2.  Admitted.

3.  Admitted.

4.  Ortenzio states that this Paragraph sets forth a conclusion of law to which no responsive pleading is required.

5.  Ortenzio denies the allegations in this Paragraph, except to admit that prior to the bankruptcy of CCI Construction Co., Inc. ("CCI"), Ortenzio was the President and sole shareholder of CCI.

6 – 7.  Admitted in part; denied in part. Admitted that Exhibit A to the Complaint is a true and correct copy of the Film Note, which is a writing and speaks for itself. the balance of the allegations is denied. By way of further response, states that the Film Note is only one of several writings governing the rights and obligations as between CCI and Allfirst. It is specifically denied

that any of those writings, including the Film Note, created any liability or obligation on the part of Mr. Ortenzio to Allfirst, except as may be expressly set forth therein.

8. Admitted.

9. Admitted in part; denied in part. It is admitted that in November, 1999, CCI requested an additional, temporary extension of credit in the amount stated and that CCI was experiencing what it projected to be a temporary cash flow crunch. The balance of the allegations is denied.

10. Ortenzio is without sufficient information or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 10. The second sentence of Paragraph 10 is admitted. Ortenzio also admits that in addition to the guarantee, CCI, pursuant to the Bank's demand, pledged certain unencumbered equipment to further secure the Commercial Note. The balance of the allegations is denied except it is admitted that Mr. Ortenzio agreed to guarantee the new temporary loan facility pursuant to the terms and conditions set forth in the loan documents which speak for themselves. Denied that Mr. Ortenzio assumed any obligation or liability to Allfirst other than as is expressly set forth in the loan document.

11. It is admitted that CCI executed the Commercial Note and that the terms of the Commercial Note speak for themselves.

12. Admitted that on or about November 8, 1999, Mr. Ortenzio executed the Suretyship Agreement attached to the Complaint as Exhibit C. Reference is made thereto for the terms thereof. The balance of the allegations is denied.

13. Denied. To the contrary, CCI was solvent and able to meet its obligations in the ordinary course, relying on cash flow and its pre-existing line of credit.

14. Admitted as stated, however, the checking account was established for purposes in addition to the revolving line of credit. Denied that Mr. Ortenzio had any obligation or liability to

2

Allfirst other than as may be created by the express terms of the loan documents, including but not limited to the Suretyship Agreement.

15. Ortenzio avers that, without access to the Bank's records, he is without sufficient knowledge or information to form a belief as to the truth of the allegations of this Paragraph. Ortenzio denies that the checking account was established solely for the revolving line of credit. It is specifically denied that Mr. Ortenzio had any obligation or liability to Allfirst other than as may be created by the express terms of the loan documents, including but not limited to the Suretyship Agreement.

16. Ortenzio avers that he is without sufficient knowledge or information to form a belief as to the truth of the allegations of this Paragraph. However, Ortenzio is informed and believes that Allfirst was fully aware of the manner in which the Commercial Note was being repaid.

17. Denied.

18. Denied.

19. Admitted that Mr. Ortenzio met with Allfirst's representatives on or about February 18, 2000. The balance of the allegations is denied.

20. Admitted that on or about February 24, 2000, Allfirst issued the default letter attached to the Complaint as Exhibit D. Reference is made thereto for the terms thereof. The balance of the allegations is denied.

21. Ortenzio avers that he is without sufficient knowledge or information to form a belief as to the truth of the allegations of this Paragraph. However, Ortenzio is informed and believes that Allfirst was fully aware of the manner in which the Commercial Note was being repaid.

22. Ortenzio avers that he is without sufficient knowledge or information to form a belief as to the truth of the allegations of this Paragraph.

113449.00601/20618109v2

23. Ortenzio avers that he is without sufficient knowledge or information to form a belief as to the truth of the allegations of this Paragraph, except admits that on or about May 19, 2000, CCI filed for relief under Chapter 11 of the U.S. Bankruptcy Code.

24. Admitted.

## COUNT I

25. Repeats and incorporates herein by reference his responses to Paragraphs 1 – 24.

26. Denied.

27. Admits that the revolving line of credit to CCI was not paid in full but states that he is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this Paragraph.

28-30. Denied.

## COUNT II

31. Repeats and incorporates herein by reference his responses to Paragraphs 1 – 30.

32-34. Denied.

## COUNT III

By way of further response, defendant alleges the following:

## AFFIRMATIVE DEFENSES

35. The Complaint fails to state a claim upon which relief can be granted.

36. Plaintiff's claims are barred by the equitable doctrines of waiver, laches and estoppel.

37. Plaintiff's claims are barred by the doctrine of unclean hands in that, by unlawfully calling the loans, confessing judgment against CCI and attaching assets, Allfirst itself caused the insolvency and subsequent bankruptcy of CCI.

38. For the same reason, the proximate cause of any loss sustained by plaintiff was Allfirst's own wrongful conduct, to wit; its violation of the loan documents as detailed above.

Case 1:01-cv-00786-SHR    Document 15    Filed 08/13/2001    Page 5 of 7

39. To the extent plaintiff's claims are in contract, they are barred by Allfirst's own prior, material breaches of the loan documents, as detailed above.

40. To the extent plaintiff's claims are in tort, Mr. Ortenzio owed no duty and assumed no liability or obligation to Allfirst other than as may be expressly set forth in the loan documents, including but not limited to the Suretyship Agreement. Furthermore, plaintiff's claims are barred by its own deliberate or contributorily negligent conduct in confessing judgment against CCI in a way not authorized by the loan documents.

41. Plaintiff's claims are barred by the doctrine of supervening or intervening cause.

42. To the extent Plaintiff's claims are in tort, Plaintiff's claims are barred and/or limited due to the fact that Plaintiff was contributorily negligent.

43. Plaintiff's claims are barred by the statute of frauds and the parol evidence rule.

WHEREFORE, defendant John M. Ortenzio demands that the Court enter judgment in his favor and against plaintiff Allfirst Bank, dismissing the Complaint with prejudice and ordering that plaintiff take nothing by reason thereof and awarding defendant his cost of suit, including attorneys' fees and costs.

5
113449.00601/20618109v2

## DEMAND FOR A TRIAL BY JURY

Defendant, John M. Ortenzio, by and through his attorneys, hereby demands a trial by jury on any and all issues so triable of right by a jury.

George J. Krueger, Esquire
Attorney I.D. No. 30501
Blank Rome Comisky & McCauley LLP
One Logan Square
Philadelphia, PA  19103
(215) 569-5500

*Attorneys for Defendant*
*John M. Ortenzio*

Dated:  August 10, 2001

113449.00601/20618109v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant John M. Ortenzio's Answer, Affirmative Defenses and Jury Demand was served on this 10th day of August, 2001 by first class mail upon the following:

>Lawrence J. Gebhardt, Esquire
>Gebhardt & Smith LLP
>The World Trade Center, 9th Floor
>Baltimore, MD  21202
>*Attorneys for Plaintiff*

_____
Robert A. Burke, Esquire