**ORIGINAL**

FILED
HARRISBURG
OCT 15 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK<br>25 S. Charles Street<br>Baltimore, MD 21201 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: 1:01-CV-786<br>Judge Sylvia Rambo |
| JOHN M. ORTENZIO<br>510 Orchard Drive<br>Lemoyne, PA | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the Local Rules, the parties, by their respective undersigned counsel, submit the following Joint Case Management Plan.

1. **Principal Issues**

    1.10  **Separately for each party, please give a statement summarizing this case:**

    By Plaintiff: Allfirst Bank had two credit facilities extended to CCI Construction, Inc., one of which was an unsecured revolving line of credit and the other, an unsecured term loan guaranteed by Defendant, John Ortenzio ("Defendant" or "Ortenzio"). On or about February 12, 2000, Ortenzio drew a check on the account of CCI with Allfirst established in connection with the revolving line of credit in an amount sufficient to repay all sums due and owing under term loan, which he had guaranteed. This borrowing under the revolving line of credit to repay the term loan that was done solely for the purpose of attempting to discharge Ortenzio's personal guaranty of the term loan. CCI was in financial difficulty, was shortly after the payment declared in default by

113449.00601/20906487v2

Allfirst, and is presently a debtor in a Chapter 11 proceeding in the United States Bankruptcy Court for the Middle District of Pennsylvania. Allfirst contends that the payment through a draw on the revolving line of credit to repay the term loan was a conditional payment and did not become effective unless and until the revolving line of credit was paid in full, that Allfirst, as the lender under the revolving line of credit, is equitably subrogated to its status as lender under the term loan, and that Ortenzio committed fraud through these actions.

**By Defendant:**

CCI Construction, Inc. ("CCI") had a long-standing and productive relationship with Allfirst Bank and its predecessor (hereinafter collectively "Allfirst Bank"). This relationship included numerous loans made by Allfirst Bank to CCI. At all times, CCI acted in accordance with the loan documents between Allfirst Bank and CCI.

CCI requested an additional line of credit of approximately $1 million on a short-term basis to ease a cash flow situation. Allfirst Bank agreed to loan these additional funds to CCI, (and indeed increased the amount that would be loaned to CCI to $1.2 million). Allfirst Bank insisted upon, and received, a personal guaranty by CCI's president, John Ortenzio. Consistent with the parties' understanding, and in accordance with the loan documentation, CCI repaid the $1.2 million to Allfirst Bank. This repayment violated no terms of the parties' loan documents and, indeed, was consistent with the parties' understanding that the loan would be repaid. At the time the loan was repaid, CCI did not exceed its unsecured revolving line of credit limit.

Allfirst improperly advised CCI that it was in default under certain loan agreements. This declaration of default was improper and caused CCI irreparable harm. Following Allfirst's improper

declaration of default, CCI was forced to file for bankruptcy. A preference claim was initiated in the bankruptcy proceeding against Allfirst for the return of over $2 million paid by CCI to Allfirst. Allfirst now initiates this action against Ortenzio claiming indemnification for any amount that Allfirst must return as a voidable preference, plus attorney's fees. Ortenzio contends that there is no legal or factual basis for Allfirst seeking indemnification from Ortenzio for any preferential payments Allfirst received from CCI.

Allfirst's contention that the repayment of the $1.2 million loan was a conditional payment is entirely without merit. Further, Allfirst's claim that it is equitably subrograted to its own status as a lender is equally without merit.

**The principal *factual* issues that the parties *dispute* are:**

    **1.11**    The reason Ortenzio caused CCI to draw on the line of credit to repay the term loan.

    **1.12**    The purpose of the repayment.

    **1.13**    Whether the payment was authorized under the loan documents.

    **1.14**    CCI had significant cash flow problems in late 1999 and early 2000 that lead to its filing for relief under Chapter 11 of the *United States Bankruptcy Code*.

***agree* upon are:**

    **1.20**    There was a revolving line of credit that was not guarantied and a $1.2 million loan that was.

    **1.21**    The $1.2 million loan was repaid in full.

    **1.22**    There is no language in any relevant agreement that precludes the repayment of the $1.2 million loan in the manner it was repaid.

    **1.30**    **The principal *legal* issues that the parties *dispute* are:**

    **1.31**    Whether the payment made on the term loan was a conditional payment.

    **1.32**    Whether Allfirst is entitled to be equitably subrogated.

    **1.33**    Whether the payment was a fraudulent act by Ortenzio.

    **1.34**    Whether Allfirst's actions in calling a default violated the loan documents.

    *agree* **upon are**:    None.

**1.50**    **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**    None

**1.60**    **Identify any named parties that have not yet been served:**    None

    **Defendant intends to join:**    None.

**1.80**    **Identify any additional claims that:**
**plaintiff(s) intends to add:**    None

    **Defendant intends to add**: Defendant reserves the right to add a claim against Allfirst, if the facts revealed through discovery justify such a claim.

**2.0**    **Alternative Dispute Resolution (ADR)**

    **2.10**    **Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**    None

    **2.20**    **If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**    Not applicable.

    **2.30**    **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**    This case involves a fundamental dispute as to legal issues and conclusions that is not amenable to ADR procedures.

**3.0**    **Consent to Jurisdiction by a Magistrate Judge**

    **Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a**

magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y  XXX N.

**4.0  Disclosures**

    **4.100** Separately for each party, list by *name and title/position* each person whose identity has been disclosed.

        **4.101** Disclosed by Plaintiff: (In addition to those persons disclosed by Defendant)

| | Name | Title/Position |
|---|---|---|
| 4.102 | Craig Swartz | Vice President |
| 4.103 | Michael Zarcone | Senior Vice President |
| 4.104 | Jamin Gibson | Vice President |
| 4.105 | Gerard Elias | Senior Vice President |
| 4.105 | Daryl Myers | Senior Vice President |
| 4.105 | James Trout | Formerly, Senior Vice President |

        **4.151** Disclosed by Defendant: (In addition to those persons disclosed by Plaintiff)

| | Name | Title/Position |
|---|---|---|
| 4.152 | John Ortenzio | President |
| 4.153 | Sheri Phillips | Chief Financial Officer |
| 4.154 | Shane Miller | Vice President and Chief Operating Officer |

    **4.200** Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

        **4.201** Categories of documents disclosed by Plaintiff:

            **4.202** All loan documents.

        **4.251** Categories of documents disclosed by Defendant:

            **4.252** All loan documents.

4.300 *Additional Documents Disclosures*: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 **Additional categories of documents Plaintiff will disclose:**

        4.302 All unprivileged documents in the possession of Allfirst Bank, and its representatives relating to CCI Construction and/or the Defendant.

    4.351 **Additional categories of documents Defendant will disclose:**

        4.352 All unprivileged documents in the possession of Defendant relating to Allfirst Bank and to CCI's financial condition, as it relates to compliance with the relevant loan documents.

4.400 **Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:**

    4.401 **Plaintiff's calculation of damages:**  $300,373.16 (as of 5/19/00) plus any recovery in *CCI Construction, Inc. v. Allfirst Bank* (Adversary No. 1-01-0001A) (claimed amount, $2,317,291.28)

    4.402 **Defendant's calculation of offset:**  Not applicable.

5.0 **Motions**

Identify any motion(s) whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation:  None.

6.0 **Discovery**

    6.100 **Briefly describe any discovery that has been completed or is in progress:**

        **By Plaintiff:**  None

        **By Defendant:**  None

    6.200 Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case):  Depositions of those

persons whose identities have been disclosed above and any other material witnesses whose identities are learned in discovery. These witnesses will provide information on the nature and purpose of the payment at issue in this suit, compliance with loan documentation and Allfirst Bank's action as to CCI.

**6.300** **Describe any *discovery* that one or more parties want(s) to conduct but to *which another party objects*, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**   None known.

**6.400** **Identify any *subject area limitations on discovery* that one or more parties would like impressed, at the first stage of or throughout the litigation:**   None

**6.500** **For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Plaintiff and by Defendant:**

   **6.501**  depositions (excluding experts) to be taken by:
   **Plaintiff**: 10   **Defendant**:   10

   **6.502**  interrogatories to be served by:
   **Plaintiff**: 25   **Defendant**:   25

   **6.503**  document production requests to be served by:
   **Plaintiff**: 25   **Defendant**:   25

   **6.504**  requests for admission to be served by:
   **Both parties**:   Unlimited.

   **6.600**  All discovery commenced in time to be completed by:   May 1, 2002

   **6.700**  Reports from retained experts due:
   **From Plaintiff by**:   January 5, , 2002
   **From Defendant by**:   February 15, 2002

   **6.800**  Supplementation due:  February 15, 2002

**7.0**  **Protective Order**

   **7.1**  If entry of a protective order is sought, attach to this statement a copy of the proposed order.   None.

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:    None.

**8.0**    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**Plaintiff:**

Gerard L. Elias, Senior Vice President
Allfirst Bank
25 S. Charles Street, 14th Floor
Baltimore, MD 21201
Phone (410) 244-4004

Jamin M. Gibson, Vice President
Allfirst Bank
213 Market Street
Harrisburg, PA 17105
Phone (717) 255-2377

**Defendant:**

John M. Ortenzio
510 Orchard Drive
Lemoyne, PA

**9.0**    **Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        ___    240 days from the filing of the action in this court
        XX    365 days from the filing of the action in this court
        ___    _____ days from the filing of the action in this court

    9.2    **Suggested Date for Trial:**    June, 2002.

    9.3    **Suggested Date for the final Pretrial Conference:**    May, 2002.

    9.4    **Final date for joining additional parties:**

December 1, 2001 by either party.

**9.5** **Final date for amending pleadings:** April 1, 2002.

**9.6** **All potentially dispositive motions should be filed by:** April 1, 2002.

**10.0** **Other Matters**

**Make any suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

Memoranda in support of motions for summary judgment and an opposition thereto should have a page limit of up to 30 pages, with reply memoranda, up to 15 pages.

**11.0** **Identification of Lead Counsel**

**Identify by name, address, and telephone number lead counsel for each party.**

Dated: October ___, 2001   Lawrence J. Gebhardt (*pro hac vice*)
                           GEBHARDT & SMITH LLP
                           401 E. Pratt Street, 9th Floor
                           Baltimore, MD 21202
                           410-385-5100

                           Attorney for Plaintiff

Dated: October ___, 2001   Edward I. Swichar
                           BLANK ROME COMISKY & MCCAULEY LLP
                           One Logan Square
                           Philadelphia, PA 19103
                           (215) 569-5500

                           Attorney for Defendant

| | |
|---|---|
| GEBHARDT & SMITH LLP | BLANK ROME COMISKY & MCCAULEY LLP |
| *[signature]* | *[signature]* |
| Lawrence J. Gebhardt | Edward I. Swichar |
| 401 E. Pratt Street, 9th Floor | Robert A. Burke |
| Baltimore, MD 21202 | One Logan Square |
| | Philadelphia, PA 19103 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |