# BLANK ROME COMISKY & MCCAULEY LLP

*Counselors at Law*

Delaware
Florida
Maryland
New Jersey
New York
Ohio
Pennsylvania
Washington, DC

Direct Dial: (215) 569-5606
Fax: (215) 832-5606
Email: burke@blankrome.com

March 13, 2002

**BY TELECOPY AND REGULAR MAIL**

Honorable Sylvia Rambo
United States District Court
Middle District of Pennsylvania
P.O. Box 983
Federal Building
Harrisburg, PA 17108

    Re:    Allfirst Bank v. Ortenzio,
             Case No. 1:01-CV-0786 (Judge Rambo)

Dear Judge Rambo:

    We represent Defendant, John Ortenzio. We write to request a telephone conference to resolve a dispute we are having with counsel for Plaintiff, Allfirst Bank, relating to compliance with this Court's February 5, 2002 Order compelling Plaintiff to produce additional documents.

    By way of background, Allfirst Bank initiated this action against John Ortenzio, individually, arising out of certain loans that were made by Allfirst Bank to CCI Construction ("CCI"). Allfirst Bank is seeking damages from Mr. Ortenzio arising out of CCI's repayment of a $1.2 million temporary line of credit that was personally guaranteed by Mr. Ortenzio. Allfirst Bank claims it was improper for CCI to repay this loan by using the proceeds of another Allfirst Bank loan that was not personally guaranteed. It is undisputed that there was nothing in any of the loan documents that precluded repayment of the loan in the manner it was repaid.

    As to the current discovery dispute, Allfirst Bank is refusing to produce documents relating to Allfirst Bank's policies and procedures regarding the making of loans to the type of business that CCI represents. Court's February 5, 2002 Order at ¶ 1. Allfirst Bank responded to this Order by stating that the Bank had no policies regarding loans to construction companies and produced no documents.

    First, we believe this is too restrictive an interpretation of the Court's Order. The fact that CCI is a construction company has nothing to do with the loans at issue and we do not

# BLANK ROME COMISKY & McCAULEY LLP

Honorable Sylvia Rambo
March 13, 2002
Page 2

believe the Court was limiting production to manuals that only relate to construction companies. Second, this representation is contrary to deposition testimony of one of Allfirst's own officers. Specifically, Jamin Gibson, a Vice President at Allfirst Bank, testified that there are computerized documents on Allfirst Bank's Intranet that describe "the various guidelines and procedures for establishing credit with commercial borrowers." (Transcript of Jamin Gibson at 42:20-22, copy attached). Furthermore, counsel for Allfirst refused to even permit Allfirst's representative to confirm that there are no computerized records or manuals that deal with the type of loans at issue in this case. Specifically, we need to obtain information contained in any Bank documents regarding policies and procedures relating, among other things, to this type of loan and the cash management facility that was in place, the issuance of multiple loans to the same entity, the manner in which the Bank treats personal guarantees and the Bank's freezing of bank accounts. (Transcript of Craig Schwartz at pp. 43-50, attached hereto).

Mr. Ortenzio needs these documents in order to defend the charges that the $1.2 million loan was repaid by CCI in an improper manner. We believe these documents will establish that not only was the loan repaid consistent with the loan documents, but also consistent with the Bank's internal procedures dealing with loans of this type. We are willing to enter into the appropriate confidentiality agreement.

We respectfully request the Court's assistance in resolving this dispute. We are available for a conference call, at Your Honor's convenience.

Respectfully submitted,

ROBERT A. BURKE

RAB/drt
cc: Lawrence J. Gebhardt, Esquire (By Telecopy)
Ramsay M. Whitworth, Esquire (By Telecopy)

113449.00601/21003162v1