**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: 1:01-CV-786 |
| JOHN M. ORTENZIO | * | |
| Defendant. | * | |

FILED
HARRISBURG, PA
MAR 2 2 2002
MARY E. D'ANDREA, CLERK
Per _____

*************************************************************

## MOTION FOR LEAVE TO INTRODUCE REBUTTAL EXPERT TESTIMONY DURING CASE IN CHIEF

Plaintiff, ALLFIRST BANK, by its undersigned counsel, moves the Court for leave to present the expert testimony of Ralph A. Ferrell, III during Plaintiff's case in chief rather than during Plaintiff's rebuttal case. The grounds for this motion are as follows:

1. Pursuant to this Court's Case Management Order of October 30, 2001, Plaintiff's expert report was due on or before January 4, 2002 and Defendant's expert report, on or before February 1, 2002, with any supplemental/rebuttal reports due on or before February 18, 2002.

2. Plaintiff did not retain a third-party expert for its case in chief and did not submit an expert report by January 4, 2002.

3. Defendant, however, retained a third-party expert, Donald C. Frueh, and filed an expert report by February 1, 2002.

4. Although Plaintiff believes the majority of Mr. Frueh's opinions are inadmissible as expert testimony, Mr. Frueh expressed the opinion that "absent any prohibitions, which could have been included if required by the Bank, it is not uncommon for borrowers to utilize one

S:\LJG\19527\plead\mot.intro.rebuttal.wpd

accommodation to repay another accommodation from their Bank depending on the tenor, terms or rate of interest."

5. Plaintiff believes this opinion to be unfounded and incorrect. Accordingly, Plaintiff retained Ralph A. Ferrell, III as a third-party expert witness to provide rebuttal testimony. Mr. Ferrell prepared a report, which was provided to Defendant by February 18, 2002. Plaintiff also, in several letters, offered to make Mr. Ferrell available for deposition prior to the expiration of the discovery period on March 4, 2002 and in one instance provided specific dates for Mr. Ferrell's deposition.

6. Although Plaintiff and Defendant intended to take the depositions of each others respective expert witnesses, these depositions did not occur, in part because of confusion over the Court's extension of the discovery deadline with respect to the deposition of Sheri Phillips. Although the Court granted an extension of time to take expert depositions, both parties cancelled the depositions which were being arranged and did not discover that depositions after the discovery cutoff would be permitted until after the extended discovery period had expired. Hence, there have been no expert depositions.

7. Plaintiff believes that Mr. Ferrell's testimony will be more effective and have more meaning to the jury if it is presented in Plaintiff's case in chief rather than only as rebuttal testimony.

8. Defendant has been given full disclosure of Mr. Ferrell's opinions and has had a full and fair opportunity to depose Mr. Ferrell and cannot claim surprise by any of the opinions expressed by Mr. Ferrell.

_____
Lawrence J. Gebhardt, *Pro Hac Vice*
Ramsay M. Whitworth,
Pennsylvania Bar # 85208
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 E. Pratt Street
Baltimore, MD 21202
(410) 752-5100
*Attorneys for Allfirst Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2002 a copy of *Plaintiff's Motion to Introduce Rebuttal Expert Testimony During Case in Chief* was sent by Federal Express to: Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103, *Attorneys for Defendant*.

_____
Lawrence J. Gebhardt

S:\LJG\19527\plead\mot.intro.rebuttal.wpd