ORIGINAL



# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALLFIRST BANK

          Plaintiff,              :         CASE NO. 1:01-CV-786

          v.

JOHN M. ORTENZIO

          Defendant.

FILED

MAR 2 6 2002

PER _____

HARRISBURG, PA    DEPUTY CLE

---

## DEFENDANT'S ANSWER IN OPPOSITION TO
## MOTION TO RESET CASE FOR THE JUNE, 2002 TRIAL LIST

Defendant, John M. Ortenzio, by his undersigned counsel, opposes and answers Plaintiff's motion as follows:

<u>INTRODUCTION</u>

At the outset, defendant respectfully notes that it has no objection to rescheduling this case to the September, 2002 Trial List or thereafter. Pursuant to a motion that defendant previously filed, this Court entered an Order on January 14, 2002, granting the defendant's request to have this case placed on the July, 2002 Trial List, as defendant previously had paid for and scheduled a sailing trip in Alaska with his sons and brothers in June 2002. In order to accommodate both parties in this action, it is requested that the case be scheduled for trial on or after the September, 2002 Trial List or that the videotape testimony of Ms. Sheri Phillips be permitted at trial.

By way of further background, the simple issue in this case is whether the Bank's loan documents prohibited CCI Construction Co. ("CCI") from repaying CCI's $1.2

million Note, which defendant had guaranteed, by drawing from available funds on a $4 million unguaranteed line of credit that the plaintiff had also extended to CCI. The Bank must also establish that defendant can be held personally liable for CCI's actions. In essence, this case merely involves the interpretation of clear and unambiguous loan documents, which is within the province of this Honorable Court. Sheri Phillips is <u>not</u> a material witness in this case and, indeed, as noted below, her testimony is more favorable to the defendant than it is to the plaintiff. Sheri Phillips' belief as to whether CCI was authorized to repay the $1.2 million Note from the $4 million line of credit is, simply put, irrelevant.

In specific response to plaintiff's allegations, defendant avers the following:

1-4.    Admitted.

5.    Denied. On the contrary, although plaintiff's allegation is irrelevant, it is noted that defendant's counsel provided plaintiff's counsel with all of the information he had regarding the whereabouts of Sheri Phillips, including the telephone number. Plaintiff's counsel was always free to locate Ms. Phillips long before March 13, 2002. In any event, defendant's counsel had no objection to the late deposition.

6.    Admitted, except that it is averred that Ms. Phillips would be available to testify in and after September 2002, or available to testify by way of a videotape deposition.

7.    It is denied that Sheri Phillips is a critical witness. In fact, this case will rest on the Court's interpretation of loan documents which are clear and unequivocal.

2

8.    Denied.  The main issue in this case is whether the loan documents at issue prohibited John Ortenzio, the defendant, from causing CCI to issue a check drawn upon the $4 million unguaranteed line of credit, which had available funds, to repay the $1.2 million short-term loan that defendant had guaranteed, and which CCI would have been required to pay only a month later.  It is averred that whether Sheri Phillips believed that CCI had authority to borrow from available funds on a $4 million line of credit to repay a $1.2 million loan, or whether she believed the payment would hurt CCI is, indeed, irrelevant.  This Court's interpretation of the loan documents is relevant, not Sheri Phillips' beliefs.  By way of further answer, since plaintiff's counsel has seen fit to argue what he believes is relevant to the merits of the case, by providing selected excerpts from her deposition, defendant avers that Sheri Philips also testified as follows:

A.    The plaintiff, at all relevant times, had authorized CCI to draw on the $4 million line of credit to pay, monthly, the interest owed to the plaintiff on the $1.2 million Note, and the interest and principle that CCI owed on CCI's equipment note.  (Ex. A, pp. 69-72)

B.    When the $1.2 million loan was made, Sheri Phillips had anticipated that it would be paid from the cash flow of CCI, but acknowledged that the cash flow never came to fruition and had no recollection of the Bank requiring the Note to be repaid from such cash flow.  (Ex. A pp. 74-75)

C.    The Bank never requested that any of the loan documents include a provision that would have prohibited repayment of the $1.2 million Note from the $4 million line of credit.  (Ex. A, p. 76, 86)

3

113449.00601/21006955v1

D.    The $1.2 million Note was a short-term obligation that the Bank and CCI had expected would be paid prior to the $4 million line of credit.  (Ex. B, pp. 80-81)

E.    CCI's repayment of the $1.2 million short-term Note merely reversed the transaction that the Bank had created when it had previously lent the $1.2 million to CCI.  (Ex. A, p. 88)

F.    The Bank was aware when the $1.2 million loan was made, that CCI had cash flow difficulties.  (Ex. A, p. 92)

G.    When the $1.2 million Note was repaid, CCI had valid claims of approximately $6.5 million which, when collected, would have resolved CCI's projected cash flow losses in the same amount.  (Ex. A,. pp. 96-97)

H.    The $1.2 million Note was repaid only one month prior to its due date.  (Ex. A, pp. 111-112)

I.    The repayment of the $1.2 million did not increase CCI borrowings but, merely, transferred the $1.2 million obligation to the $4 million line of credit.  (Ex. A, p. 115)

9.    Defendant, as stated above, has no objection to having this case placed on the September 2002 Trial List or thereafter.  It is, indeed, unfortunate that plaintiff's counsel has seen fit to revoke his prior courtesy in allowing the defendant to take his prepaid planned vacation with his sons and brothers in June 2002.

10.    Denied.  On the contrary, Sheri Phillips can testify via a videotape deposition or at a trial in or after September 2002.

WHEREFORE, defendant respectfully requests this Court to either retain this case on the July, 2002 Trial List, or reschedule this case to the September, 2002 Trial List or thereafter, or to require that the testimony of Sheri Phillips be taken through a videotape deposition.

Edward I. Swichar, Esquire
Attorney I.D. No. 15175
Blank Rome Comisky & McCauley LLP
One Logan Square
Philadelphia, PA  19103
(215) 569-5500

Attorneys for Defendant
John M. Ortenzio

Dated: 3/2-/02

## **CERTIFICATE OF SERVICE**

Edward I. Swichar, attorney for Defendant, John Ortenzio, hereby certifies that he caused a true and correct copy of Defendant's Answer in Opposition to Motion to Reset Case for the June, 2002 Trial List to be served upon the following on this 25th day of March, 2002, by first-class mail, postage prepaid:

Lawrence Gebhardt, Esquire
Gebhardt & Smith, LLP
The World Trade Center, Ninth Floor
Baltimore, MD   21020-3064

EDWARD I. SWICHAR

113449.00601/21006955v1