ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: 1:01-CV-786 |
| JOHN M. ORTENZIO | * | |
| Defendant. | * | |

FILED
HARRISBURG PA
APR 26 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

*************************************************************

### REPLY TO OPPOSITION TO MOTION TO STRIKE JURY DEMAND

Plaintiff, Allfirst Bank, by its undersigned attorneys, replies to "Defendant's Memorandum In Opposition To Plaintiff's Motion To Strike Jury Demand" as follows.

1.  Defendant, John Ortenzio, provides a lengthy recitation of facts because, as he states in footnote number 1, Allfirst's factual statement is " both disputed and irrelevant." Although Ortenzio asserts that he disputes the basic facts, he points to no incorrect factual statements. Instead, he launches into his own recitation of irrelevancies.

For example, Ortenzio states on pages 4 and 5 that:

> Mr. Schwartz was not aware of any banking practice, custom or regulation that would act as an impediment to the plaintiff stating in any loan document that the $1.2 million guaranteed note could not be paid off unless and until the $4 million line of credit had been paid off first.

Of course, there was no "banking practice, custom or regulation" that would have prevented such a provision from being put in the loan documents. Had such a provision been inserted, perhaps Ortenzio would not have tried his payment ploy. What Ortenzio does not say is that "banking custom, practice, or regulation" required such a provision. He does not even say that such a

S:\LJG\19527\plead\ReplytoOppStikeJury.wpd

provision was customary or usual in loan documents. Significantly, what he does not address is the undisputed fact that the proceeds of the $4 million line, by the express terms of the commitment, were to be used solely to finance accounts receivable and work in progress. This meant that borrowings under the line could be used only to pay normal monthly bills and expenses pending collection of accounts receivable. This express limitation on the use of borrowed funds did not permit a draw to be made to prepay in whole a fully funded short term loan. This limitation on the use of the line of credit was confirmed by both Sheri Phillips and Craig Schwartz, but is ignored by Ortenzio in his traversing statement of facts.

Allfirst will not burden the Court at this point with further examples of Ortenzio's advancement of factual irrelevancies while ignoring the undisputed and fundamental facts underlying his trickery.

2. Ortenzio in his first argument correctly asserts that "(a)n action for money damages based on a breach of contract is traditionally a legal claim." He incorrectly asserts that Count I of the Complaint "sets forth a claim for money damages for breach of contract."

This case does not present a situation where Ortenzio simply refused to pay his guaranty and was sued on the guaranty by Allfirst. Such a suit on the guaranty would carry a right to a jury trial. This case is not a simple suit on a guaranty because of the purported payment by Ortenzio on February 11, 2000 of his liability on the guaranty by a draw on CCI's line of credit. Allfirst is suing, in effect, to cancel and set aside the purported payment. If the purported payment is disregarded, Ortenzio's liability on the guaranty arises. If not, the purported payment satisfies Ortenzio's liability on the guaranty. The issue of whether the purported payment was effective or should be annulled is inherently equitable.

The focus in determining whether a right to a jury trial exists is principally upon the essential nature of the relief sought. *Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990); *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1258 (3rd Cir. 1977). If the relief is fundamentally equitable, no right to a jury trial exists even if the request for equitable relief also entails a monetary claim. *Local No. 391 v. Terry*, 494 U.S. 558, 571 (1990); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Simpson v. Office of Thrift Supervision*, 29 F.3d 1418, 1423-24 (9th Cir. 1994); *Securities & Exchange Commission v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 95 (2nd Cir. 1978); *Broadnax Mills, Inc. v. Blue Cross and Blue Shield of Virginia*, 876 F. Supp. 809, 817 (E.D. Va. 1995). In making this determination, the Court is too look to the underlying nature of the relief sought and not to the labels, designations, or characterizations placed in the pleadings. *Plechner v. Widener College, Inc.*, 569 F.2d at 1257. *See also Schuyt v. Rowe Price Prime Reserve Fund, Inc.*, 835 F.2d 45, 46 (2nd Cir. 1987). The case filed by Allfirst is premised upon the granting of equitable relief; it is not a simple contract action to collect upon a breached guaranty agreement.

3. In his second argument, Ortenzio displays a complete misunderstanding of the nature of Allfirst's second claim. In the second claim, Allfirst asserts that the line of credit was used improperly and in violation of the commitment by Ortenzio to prepay the $1.2 million loan he guaranteed. Because the improper and unauthorized use of the money from the line of credit to discharge the guaranteed loan was without Allfirst's knowledge or consent, Allfirst is entitled to be equitably subrogated to the guaranty the $1.2 million loan carried to the extent proceeds of the line were used to discharge the $1.2 million loan and guaranty. The basis for the equitable subrogation is the unjust enrichment which occurs when one person's money or property is used without that person's knowledge or consent to discharge another persons obligation that in equity and fairness

should have been discharged by the other person. This concept is well know and is codified in the *Restatement*. *See Restatement of Restitution* § 162 (1937) and *Comment* b. The claim is entirely equitable and carries no right to a trial by jury. *See National Surety Co. v. Franklin Trust Co.*, 313 Pa. 501, 507, 170 A. 683 (1934).

Ortenzio, whether by purposeful or innocent confusion, appears to be operating under the belief that Allfirst is suing for a *quantum meruit* recovery, itself an equitable claim but not one advanced by Allfirst. Allfirst has not alleged that it provided Ortenzio with some benefit under a *quasi* contract scenario and that Ortenzio should compensate Allfirst for the value of the benefit conferred. This is not the type of situation where a painter paints the defendant's house in the mistaken belief he has a contract and then sues for the value of the paint job. This is a situation in which Allfirst contends it is entitled through subrogation to assert rights under the guaranty for the $1.2 million of the line used to prepay the guaranteed loan.

4.   In his final argument, Ortenzio mirrors his first argument and asserts that Allfirst is suing for fraud to recover legal damages. An action for fraud supports both equitable and legal relief. In this instance, Allfirst is suing for relief in the form of a cancellation of the purported payment in consequence of Ortenzio's deceitful artifice and to recover the money that is due it if this relief is granted. This is an inherently equitable claim and does not support a jury demand.

For these reasons and those set forth in its motion, Allfirst again requests that the jury demand be stricken and the case tried to the Court.

/s/ Lawrence J. Gebhardt
Lawrence J. Gebhardt, *Pro Hac Vice*
Ramsay M. Whitworth, PA Bar # 85208
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 E. Pratt Street
Baltimore, MD 21202
(410) 385-5100

*Attorneys for Allfirst Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2002, a copy of the *Reply to Opposition to Motion to Strike Jury Demand* was sent via Federal Express to Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103, *Attorneys for Defendant*.

/s/ Lawrence J. Gebhardt
Lawrence J. Gebhardt