ORIGINAL

2 hw



# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK | : | |
| Plaintiff, | : | CASE NO. 1:01-CV-786 |
| v. | : | |
| JOHN M. ORTENZIO | : | |
| Defendant. | : | |

FILED
HARRISBURG, PA

MAY 01 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

## DEFENDANT'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Defendant, pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Middle District of Pennsylvania, contends that there is no genuine issues as to the following material facts:

1.      The Plaintiff contends in this action that Defendant acted unlawfully by causing CCI Construction Co., Inc. ("CCI") to repay a $1.2 million short term note from funds that were available from a $4 million line of credit that the Plaintiff had extended to CCI (Complaint and Exhibits thereto).

2.      (a)  On or about February 11, 2002, approximately one month prior to the date that repayment was due on the short term note, CCI repaid the $1.2 million short term note, by writing a check on CCI's account at the Plaintiff's bank, and thereby drawing on the $4 million line of credit (Schwartz dep. at 85, 90, 142, 181).

113449.00601/21020432v1

(b) At the time of the repayment, CCI owed only approximately $1.2 million on the $4 million line of credit, so that the total amount due after the repayment, with interest, was approximately $2.5 million (Schwartz dep. at 90-91). In other words, at the time of the repayment of the $1.2 million short term note, there was a sufficient cushion under the $4 million line of credit to repay the short term note (Schwartz dep. at 200-201).

3. There are no restrictions in the short term Note as to the source of funds that could be used to repay the note (Schwartz dep. at 62), nor is there any loan document that deals with how the loan was to be repaid, nor is there any document that prohibited CCI from repaying the $1.2 million short term note by writing a check on CCI's checking account, thereby drawing on the line of credit (Exhibits to Complaint; Schwartz dep. at 34, 144, 193).

4. Although the loan documents list events of default, no loan document makes the repayment of the $1.2 million short term note from the line of credit, an event of default (Exhibits to Complaint; Schwartz dep. at 157-158).

5. Plaintiff has not alleged in its Complaint any theory or facts, nor has it established any facts that would impose personal liability on the Defendant based on the alleged conduct of CCI (Complaint).

Respectfully submitted,

_____
EDWARD I. SWICHAR, Esquire
Attorney I.D. No.15175

BLANK ROME COMISKY & McCAULEY LLP
One Logan Square
Philadelphia, PA   19103
(215) 569-5500

Attorneys for John Ortenzio

Dated: 4/30/02

## CERTIFICATE OF SERVICE

Edward I. Swichar, attorney for Defendant, John Ortenzio, hereby certifies that he caused a true and correct copy of Defendant's Statement of Material Facts Pursuant to Local Rule 56.1 to be served upon the following on this 30th day of April, 2002, by Federal Express, postage prepaid:

>Lawrence Gebhardt, Esquire
>Gebhardt & Smith, LLP
>The World Trade Center, Ninth Floor
>Baltimore, MD 21020-3064

EDWARD I. SWICHAR

Dated: 4/30/02