ORIGINAL

*i to crt w/order*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLFIRST BANK<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. ORTENZIO<br><br>Defendant. | CASE NO. 1:01-CV-786<br>Judge Rambo<br><br>FILED<br>HARRISBURG, PA<br><br>MAY 1 3 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____ |

### DEFENDANT'S ANSWER IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE WITH RESPECT TO THE TESTIMONY OF THE DEFENDANT'S EXPERT, DONALD C. FRUEH

Defendant, John M. Ortenzio, by his undersigned counsel, files this Answer in Opposition to Plaintiff's Motion in Limine to exclude testimony of defendant's expert, Donald C. Frueh at trial.

1. Admitted, except that it is averred that, as set forth in Mr. Frueh's expert report, a copy of which is attached as Exhibit A to plaintiff's motion, Mr. Frueh intends to provide numerous other opinions in regard to the propriety of the repayment of the $1.2 million loan that Allfirst extended to CCI Construction Co., Inc. It is averred that even if Mr. Frueh should be precluded from testifying at trial with respect to his opinion that CCI did not violate any terms of the loan documents, Mr. Frueh should not be precluded from testifying with respect to the other opinions and areas set forth in his expert report. It is also averred that to the extent Allfirst is seeking to exclude Mr. Frueh's testimony, pursuant to <u>Daubert</u>, the current motion is untimely pursuant to paragraph 4(e) of this Court's Case Management Order, which requires that a motion

to exclude expert testimony, which requires a <u>Daubert</u> hearing, be filed no later than 30 days after Allfirst's receipt of the expert report, and that such report was filed and served on or before February 1, 2002.

2. Admitted in part and denied in part. It is admitted that the interpretation of clear and unambiguous language of loan documents is a matter for the Court to determine. It is averred that Mr. Frueh's opinion in regard to the interpretation of the loan documents at issue would be admissible if this Court were to determine, at trial, that the loan documents are unclear and ambiguous. It is also averred that Mr. Frueh should be permitted to testify with respect to the other opinions and related matters set forth in his expert report, none of which are mentioned in plaintiff's current motion, all as set forth more fully in Defendant's Memorandum attached hereto.

WHEREFORE, defendant, John M. Ortenzio, respectfully requests that this Honorable Court deny plaintiff's motion in limine with respect to the testimony of the defendant's expert witness, Donald C. Frueh.

Respectfully submitted,

EDWARD I. SWICHAR, Esquire
Attorney I.D. No.15175

BLANK ROME COMISKY & McCAULEY LLP
One Logan Square
Philadelphia, PA   19103
(215) 569-5500

Dated: 5/10/02

Attorneys for John Ortenzio

113449.00601/21024271v1

## CERTIFICATE OF SERVICE

Edward I. Swichar, attorney for Defendant, John Ortenzio, hereby certifies that he caused a true and correct copy of Defendant's Answer in Opposition to Plaintiff's Motion in Limine with Respect to the Testimony of the Defendant's Expert, Donald C. Frueh and supporting Memorandum of Law to be served upon the following on this 10th day of May, 2002, by Federal Express, postage prepaid:

> Lawrence Gebhardt, Esquire
> Gebhardt & Smith, LLP
> The World Trade Center, Ninth Floor
> Baltimore, MD 21020-3064

_____
EDWARD I. SWICHAR

Dated: 5/10/02

113449.00601/21024271v1