ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALLFIRST BANK

    Plaintiff,

v.

JOHN M. ORTENZIO

    Defendant.

CASE NO. 1:01-CV-786

FILED
HARRISBURG, PA
MAY 13 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE WITH RESPECT TO THE TESTIMONY OF THE DEFENDANT'S EXPERT, DONALD C. FRUEH

Defendant agrees with Plaintiff that this action involves the interpretation of various loan documents, and whether such documents prohibited the defendant from causing CCI Construction Co., Inc. ("CCI") to repay a $1.2 million commercial loan that defendant had personally guaranteed.

In his expert report, a copy of which is attached as Exhibit "A" to plaintiff's motion, defendant's expert, Donald C. Frueh, has opined on various matters relevant to this lawsuit, including not only the interpretation of the loan documents, but also whether the Plaintiff could have expressly prevented the Defendant from causing the repayment, whether the loan documents are inconsistent with usual and customary banking practices, whether it is common for borrowers to utilize one loan facility to repay another loan facility, and whether the repayment was made from collected funds, i.e., from Allfirst funds that were immediately available to CCI.

113449.00601/21024294v1

Plaintiff contends, in essence, that the loan documents are clear and unambiguous and, therefore, that Mr. Frueh should not be permitted to testify with respect to the interpretation of the loan documents. Plaintiff contends that, pursuant to <u>Daubert</u>, Mr. Frueh should not be permitted to testify as his testimony would be unreliable, unsound or unhelpful. (Plaintiff's Memorandum at pp. 3-4.)

First, if Plaintiff is seeking to exclude Defendant's expert testimony, pursuant to <u>Daubert</u>, its motion is untimely pursuant to paragraph 4(e) of this Court's Case Management Order. More specifically, the Defendant's expert report was served on or before February 1, 2002, and this Court's Order required that Plaintiff's motion be filed no later than 30 days after receipt of such report.

Secondly, Defendant's expert will testify in regard to other opinions, apart from the interpretation of the loan documents. For example, Defendant's expert report reflects that he will testify with respect to whether and how the Plaintiff could have prohibited the conduct it is now complaining about, and with respect to the usual and customary banking practices relating to repayments of loans, particularly where two loan facilities have been extended to the bank's borrower. The expert will also opine that absent any prohibitions in the loan documents, it is not uncommon for borrowers to utilize one loan facility to repay another loan facility from the same bank. Further, the expert will opine that it is the usual and customary banking practice to only require that payment be made with "collected funds" before it is credited against the loan, which occurred in this case.

Plaintiff's motion fails to mention the other areas of Defendant's expert's report and, in essence, seeks to preclude Defendant's expert from testifying at trial with respect to only one opinion.

Next, Defendant agrees with Plaintiff's position that it would be inappropriate for Defendant's expert to testify with respect to the interpretation of the loan documents at issue, if the Court should find that such documents are clear and unambiguous. However, this Court has not yet made such determination and it could find that the loan documents are, indeed, ambiguous. Therefore, based on the applicable law set forth in Plaintiff's own memorandum, it would be permissible for Defendant's expert to interpret such provisions in the context of banking practices and the parties' loan relationship. For that reason, Defendant saw fit to include in Mr. Frueh's report the possibility of interpreting the loan documents if the Court should determine that they are ambiguous.

Also, Plaintiff's motion is untimely if seeking to exclude the testimony based on <u>Daubert</u>. On the other hand, it is premature to exclude Mr. Frueh's testimony with respect to the interpretation of the loan documents, since there has been no determination by the Court as to whether the loan documents at issue are clear and unambiguous. Further, there are other areas that Mr. Frueh will testify to at the trial and, therefore, Allfirst's attempt to totally exclude Mr. Frueh's testimony is unwarranted.

For all the above reasons, it is respectfully requested that Plaintiff's Motion be denied.

Respectfully submitted,

_____
EDWARD I. SWICHAR, Esquire
Attorney I.D. No.15175

BLANK ROME COMISKY & McCAULEY LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
Attorneys for John Ortenzio

Dated: 5/10/02

113449.00601/21024294v1