**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK | * | |
| Plaintiff, | * | FILED<br>HARRISBURG, PA |
| v. | * | CASE NO.: 1:01-CV-786   MAY 14 2002 |
| JOHN M. ORTENZIO | * | Judgement ○    MARY E. D'ANDREA, CLERK<br>Per ___ |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Allfirst Bank, by its undersigned attorneys, moves for the entry of summary judgment in its favor pursuant to *F. R. Civ. P.* 56 on the grounds that there is no dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law. The specific grounds for this motion, which are more particularly set forth in the accompanying memorandum, are as follows:

1. On February 11, 2000, Defendant, John Ortenzio, caused CCI Construction Co. Inc., to prepay a $1.2 million loan which he had guarantied with a borrowing under a $4 million line of credit which he had not guarantied. The payment was made while CCI was on the verge of financial collapse and while Ortenzio was in default under the guaranty. The payment was not an authorized use of the proceeds of the line of credit under the terms of the written commitment, which restricted the use of loan proceeds to financing accounts receivable and work in progress. CCI shortly thereafter failed, filed a liquidating bankruptcy, and did not repay the line of credit, including the February 11 borrowing.

2. The payment through a borrowing on the line was a conditional payment that did not become effective because the line of credit was never repaid, entitling Allfirst to enforce the note evidencing the $1.2 million loan and Ortenzio's guaranty thereof.

3. The borrowing under the line was a use of Allfirst's money, without Allfirst's knowledge or consent, to discharge a debt owed by Ortenzio, entitling the borrowing to be equitably subrogated to the short term loan and the benefit of Ortenzio's guaranty.

4. The circumstances under which Ortenzio effected the payment amounted to common law fraud and fraudulent concealment.

In support of this motion, Allfirst submits the following:

a. Statement of material facts pursuant to Local Rule 56.

b. The following Exhibits.

### Documents

| | | |
|---|---|---|
| Exhibit A | - | Commitment Letter dated March 23, 1999. |
| Exhibit B | - | Film Promissory Note dated March 24, 1999. |
| Exhibit C | - | Schwartz Memorandum dated November 4, 1999. |
| Exhibit D | - | Commitment Letter dated November 5, 1999. |
| Exhibit E | - | Promissory Note dated November 8, 1999 |
| Exhibit F | - | Suretyship |
| Exhibit G | - | CCI Financial Statement 1998. |
| Exhibit H | - | CCI Internal Financial Statement 1999 |
| Exhibit I | - | CCI Cash Flow Projection. |
| Exhibit J | - | Ortenzio's Personal Financial Statement. |
| Exhibit K | - | Default Letter. |
| Exhibit L | - | Adversary Complaint - Bankruptcy Proceeding. |
| Exhibit M | - | Accumulated Transaction List. |

Exhibit N    -    Amounts due under $1.2 million loan

Exhibit O    -    Amounts due under Line of Credit

Deposition Excerpts

Exhibit P    -    Sheri Phillips

Exhibit Q    -    John Ortenzio

Exhibit R    -    Craig Schwartz

Exhibit S    -    Gerard Elias

c.    The Affidavit of Gerard L. Elias

*[signature]*

Lawrence J. Gebhardt
Ramsay M. Whitworth
GEBHARDT & SMITH, LLP
401 East Pratt Street
Baltimore, Maryland 21202
(410) 752-5830

*Counsel for Plaintiff, Allfirst Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___13___ day of May, 2002, a copy of Plaintiff's Motion for Summary Judgment and Memorandum in support was sent by Federal Express to: Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103, *Attorneys for Defendant.*

_____
Lawrence J. Gebhardt