# LAW OFFICES
# GEBHARDT & SMITH LLP
NINTH FLOOR
THE WORLD TRADE CENTER
BALTIMORE, MARYLAND 21202-3064

BALTIMORE:    (410) 752-5830
WASHINGTON:   (301) 470-7468

FACSIMILE
(410) 385-5119

WRITER'S DIRECT DIAL NUMBER:

(410) 385-5100
E-Mail Address:
  lgebh@gebsmith.com

May 23, 2002

FILED
HARRISBURG PA
MAY 2 9 2002
MARY E. D'ANDREA, CLERK
Per _____

Judge Sylvia Rambo
United States District Court for
  The Middle District of Pennsylvania
P.O. Box 983, Federal Building
Harrisburg, PA 17108

   RE:   Allfirst Bank v. Ortenzio
         Case No.: 1:01-CV-0786 (Judge Rambo)
         Our File No.: 19527

Dear Judge Rambo:

   I am writing to supplement Plaintiff's Pre-trial Memorandum and address an issue which you raised during the Pre-trial Conference regarding the ability of Allfirst's bank officers to present expert testimony at the trial without having provided an expert report under *Federal Rule of Civil Procedure* 26(b).

   The various Allfirst bank officers will not offer lay opinion testimony under *Federal Rule of Evidence* 702. Instead, they will offer expert testimony admissible under *Federal Rule of Evidence* 703. For instance, Craig Schwartz, the Allfirst Vice President who made the loans at issue and who prepared the loan documentation, will testify both as to what is contained in the loan documents and how that compares with what is customary in banking and lending custom and practice. Similarly, Michael Zarcone, a former Executive Vice President of Allfirst, can be expected to testify that in banking custom and practice it is not usual to place any restriction on the source of repayment of a loan, but it is customary to place restrictions on the use of loan proceeds. Mr. Zarcone was Craig Schwartz's superior and the person whose approval was required for the subject loans to be made. Both witnesses are fact witnesses and have the qualifications and credentials to present expert testimony under *F. R. Civ. Evid.* 703.

   We did not provide a written report from each of the various Allfirst bank officers from whom expert testimony may be elicited. However, we did disclose the identities of all of these

GEBHARDT & SMITH LLP

Judge Sylvia Rambo
May 23, 2002
Page 2

individuals as potential experts at the beginning of February, 2002 before expiration of the discovery period and before their depositions had been taken by the Defendant. We notified the Defendant that these individuals could be expected to testify about banking custom and practice and that they should be deposed to the extent the Defendant felt necessary.

*F. R. Civ. P.* 26(a)(2)(A) requires a party to "disclose to the other parties the *identity* of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the *Federal Rules of Evidence.*" (Emphasis added) *Federal Rule of Civil Procedure* 702(a)(2)(b), goes on to provide that the initial disclosures shall include an expert report containing the material described therein "with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. . .." None of the Allfirst employees are specially retained experts and none are employed by Allfirst to regularly give expert testimony in cases. Hence, from our prospective, we disclosed the identities of all of the witnesses who might provide expert testimony during trial and alerted the Defendant to the possibility that expert opinions may be elicited. Accordingly, Allfirst believes that it has satisfied its disclosure requirements with respect to its bank officer witnesses who may present testimony under *Federal Rule of Evidence* 703.

We will be prepared to address this issue further at trial if the Court requests. However, because I am not sure that we adequately presented Allfirst's position on the issue which Your Honor raised, I have written this letter to more fully set forth in the context of the *Federal Rules of Civil Procedure* and *Federal Rules of Evidence* what Allfirst's position is on this issue.

Very truly yours,

Lawrence J. Gebhardt

LJG/cjl
cc:   Edward I. Swichar, Esquire
      Jamin M. Gibson