IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLFIRST BANK,** | : | CIVIL ACTION NO. 1:CV-01-0786 |
| **Plaintiff** | : | |
| v. | : | FILED |
| **JOHN M. ORTENZIO,** | : | JUN 0 6 2002 |
| **Defendant** | : | PER _____ HARRISBURG, PA DEPUTY CLERK |

### ORDER

The background of this order is as follows: On May 13, 2002, Plaintiff filed a pretrial memorandum. In that document, Plaintiff indicated that it intended to call the following persons to provide opinion testimony at trial: (1) Sheri Phillips, CCI, Inc.'s former Chief Financial Officer; (2) Craig Schwartz, the Allfirst Vice President who made the loans at issue in this case; (3) Gerard Elias, Allfirst's Senior Vice President; (4) Jamin Gibson, another Allfirst employee; and (5) Michael Zarcone, a former Allfirst Vice President who was Schwartz's direct supervisor. According to Plaintiff:

> Because of their education, training, and experience, the [sic] are competent to express opinion [sic] in the areas of finance, commercial lending, and banking and lending custom and practice. These witnesses have been identified as such to Defendant during the discovery period and Plaintiff expects their testimony to encompass opinions with respect to the aforementioned areas.

(Pl.'s Pretrial Memo. at 8.)

On May 22, 2002, the court held a pretrial conference in the captioned matter. During that meeting, the court voiced concern over Plaintiff's intention to have the above-listed fact witnesses offer opinion testimony. By a letter dated May 23, 2002, Plaintiff's counsel indicated that the employees would not be called to

offer lay opinion testimony. Rather, Plaintiff intends to have these witnesses provide expert testimony pursuant to Federal Rule of Evidence 702.[1] Plaintiff acknowledges that it did not provide Defendant with written expert reports from these witnesses. Instead, Plaintiff states: "we did disclose the identities of all of these individuals as potential experts at the beginning of February 2002 before expiration of the discovery period and before their depositions had been taken by Defendant." (Pl.'s Letter to court dated May 23, 2002 at p. 1-2.)

Defendant responded to this contention with a letter to the court dated May 28, 2002. Defendant contends that Plaintiff's failure to provide a written report for these witnesses precludes them from providing expert opinions. In support of his contention, Defendant offers a letter from Plaintiff's counsel, dated February 5, 2002, in which Plaintiff indicated that it would call several Allfirst employees – Gerard Elias, Jamin Gibson, Craig Schwartz, and Daryl Myers – to testify as rebuttal experts.[2]

---

[1] Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

[2] The letter states:

> Regarding the subject of expert witnesses, please be advised that the Bank may provide rebuttal testimony from any of the Bank officers involved in this transaction, including Gerard Elias, Jamin Gibson, Craig Schwartz, and Daryl Myers. The rebuttal testimony would be directed to the issue of whether it is consistent with custom and practice in the banking industry to permit a borrower to repay a guaranteed credit facility with a draw upon an unguaranteed revolving line of credit shortly before the company announces that it
> (continued...)

2

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the identity of any witness who may provide opinion testimony at trial pursuant to Federal Rules of Evidence, 702, 703, or 705. Rule 26(a)(2)(B) requires that a party provide a comprehensive written and signed report from any "witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. . . ." Rule 37(c)(1), the enforcement mechanism for Rule 26(a)(2), provides that: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Accordingly, Defendant argues, the fact witnesses must be precluded from providing expert opinions because Plaintiff failed to provide expert reports in accordance with Rule 26(a)(2)(B). Plaintiff, on the other hand, argues that Rule 26(a)(2)(B)'s requirement applies only to retained experts and employees whose positions regularly involve giving expert testimony. Because none of its fact witnesses fall into this category, Plaintiff argues, Rule 26(a)(2)(B) does not apply.

Regardless of the breadth of Rule 26(a)(2)(B)'s reporting requirement, it is clear that Rule 26(a)(2)(A) required Plaintiff to identify any party that would be providing opinion testimony. It appears that Plaintiff failed to identify both Sheri

---

²(...continued)
is in financial distress. We also may present one or more third party experts as rebuttal witnesses on this issue. We do not believe we are obliged to provide any Rule 26(a)(2) report with respect to the Bank's own personnel who may express opinions, but we will provide a report from any third party expert called as rebuttal witnesses to the extent their testimony is to rebut matters raised in your expert's report.

(Pl.'s Letter to Def. dated Feb. 5, 2002 at 1.)

Phillips and Michael Zarcone as expert witnesses in its February 5, 2002 letter to Plaintiff's counsel. Absent a showing of substantial justification, Rule 37(c)(1) applies. Accordingly, the court will preclude these witnesses from offering expert opinion testimony at trial.

The stickier issue is whether Plaintiff was required to provide a written expert report, pursuant to Rule 25(a)(2)(B), for the other non-retained fact/expert witnesses that it identified to Defendant in the letter of February 5, 2002. Although it this is a relatively novel issue, the court finds that Plaintiff was not required to provide written expert reports for Craig Schwartz, Gerard Elias, and Jamin Gibson.

The literal language of Rule 26(a)(2)(B) limits its application to witnesses who are "retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." The Advisory Committee's Notes to the 1993 amendment of Rule 26(a) establishing the reporting requirement, relieves any doubts as to the scope of the rule. "The requirement of a written report in paragraph (2)(B) . . . applies *only* to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony." Fed. R. Civ. Pro. 26(a) Advisory Committee's Notes, 1993 amendment (emphasis added). Given the repeated emphasis on this language, the court finds that the rule's drafters did not intend to extend its application to situations like the one at hand.

Neither Schwartz, Elias, nor Gibson were retained to provide expert testimony or have, as part of their employment duties, regularly provided expert testimony on Allfirst's behalf. At least, there is no allegation or evidence as such.

4

Therefore, Rule 26(a)(2)(B)'s reporting requirement is inapplicable to them. Although these witnesses will present opinions, those opinions are gleaned from their direct experiences with the subject matter of this litigation. In fact, both parties list all three Allfirst employees as fact witnesses. (*See* Def.'s Pretrial Memo. at 8; Pl.'s Pretrial Memo at 11.)

        Courts that have addressed the "hybrid" fact/expert witness conundrum have generally held that Rule 26(a)(2)(B) does not apply to such witnesses so long as the witness bases his opinion on the facts that he observed. *See Lauria v. National R.R. Passenger Corp.*, 1997 U.S. Dist. LEXIS 3408, at *2 (E.D. Pa. Mar. 24, 1997) (holding that where a treating physician bases his expert opinion on facts gleaned during treatment of the plaintiff, the physician is not required to file a Rule 26(a)(2)(B) report in order to offer opinion testimony); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) (same); *see also Sullivan v. Glock*, 175 F.R.D. 497, 500-01 (D. Md. 1997) (holding that the party wishing to offer a hybrid fact/expert witness need only provide the witness's identification to satisfy Rule 26(a)(2)); *Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998) ("The structure of Rule 26(a)(2) provides a clear distinction between the 'retained' class of experts and the unretained class of experts. While all experts must be disclosed under Rule 26(a)(2)(A), only 'retained' experts must provide Rule 26(a)(2)(B) reports. The distinction is both fair and logical."). *But see Hall v. Sykes*, 164 F.R.D. 46, 48-49 (E.D. Va. 1995) (holding that where a physician is specially retained or bases his opinion on facts that were not learned during the course of treatment, he must provide a written expert report).

A principal purpose of Rule 26(a)(2) is to permit a "reasonable opportunity to prepare effective cross examination and . . . arrange for expert testimony from other witnesses." Fed. R. Civ. Pro. 26(a)(2), Advisory Committee's Notes, 1993 amendment. Here, Plaintiff notified Defendant on February 5, 2002, that it would be presenting several of its employees as experts at trial. This communication occurred prior to the witness' depositions. Therefore, Defendant was aware that the witnesses could testify as to expert opinions. The depositions, therefore, presented Defendant with a perfect opportunity to discover all of the information that would have been provided through a Rule 26(a)(2)(B) written expert report. Having been provided with notice that Plaintiff would be calling its employees to offer both fact and opinion testimony, Defendant cannot now argue that he lacked a reasonable opportunity to discover the witness' opinions, the basis for such opinions, and the methodology for arriving at such conclusions. Likewise, because of the advance notice, Defendant cannot legitimately argue that Plaintiff unduly surprised him.

Because Rule 37(c)(1) is a self-executing provision, the court has taken it upon itself to issue this order without a motion from either party. *See Sullivan v. Glock*, 175 F.R.D. at 501 (stating that exclusion under Rule 37 (c)(1) is automatic). However, because of this situation, and the fact that there are pending cross-motions for summary judgment, the court will set up an expedited briefing schedule should either party wish to file a motion for reconsideration.

In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff is **PRECLUDED** from eliciting opinion testimony from witnesses Sheri Phillips and Michael Zarcone; and

(2) Plaintiff is **ALLOWED** to elicit expert opinion testimony from witnesses Craig Schwartz, Gerard Elias, and Jamin Gibson; provided that such opinions are gleaned from each witness's personal involvement in this matter and complies with all other requirements for expert testimony found in Federal Rule of Evidence 703.

(3) If either party wishes to file a motion for reconsideration of this order, that motion shall be filed, accompanied by a legal brief no more than five (5) pages in length, no later than June 14, 2002. Any brief in response must be filed by June 21, 2002 and shall not exceed five (5) pages in length.

SYLVIA H. RAMBO
United States District Judge

Dated: June 6, 2002.