2 TO G

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED 6-11-02 SC
HARRISBURG, PA
JUN 1 0 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| | | |
|---|---|---|
| ALLFIRST BANK | * | |
| Plaintiff, | * | Judge Rambo |
| v. | * | CASE NO.: 1:01-CV-786 |
| JOHN M. ORTENZIO | * | |
| Defendant. | * | |

*************************************************************

## MOTION FOR PARTIAL RECONSIDERATION

Plaintiff, Allfirst Bank, by its undersigned attorneys, moves, pursuant to the authorization contained in this Court's Order of June 6, 2002, for partial reconsideration of the June 6 Order with respect to the testimony of Sheri Phillips. The grounds for this motion are as follows:

1. Allfirst does not dispute the correctness of the legal principles set forth in this Court's Order of June 6, 2002, but requests a reconsideration of these principles based on the distinct facts surrounding the proposed testimony of Sheri Phillips.

2. Sheri Phillips was the long time chief financial officer of CCI Construction Co., Inc. and was the person who negotiated the $4 million dollar revolving line of credit with Allfirst. She also participated in the negotiations for the $1.2 million loan, and she refused to have any part in using the $4 million line of credit to repay the $1.2 million loan for various reasons expressed in her deposition, some of which involve the expression of opinions based on her knowledge, training, and experience as a corporate chief financial officer.

3. Although Sheri Phillips was identified by Defendant in his interrogatory answers as a person with knowledge, Defendant did not provide Allfirst with any information as to her

whereabouts to enable Allfirst to note her deposition, even though Allfirst's interrogatories requested this information. Receiving no assistance from Defendant, Allfirst expended considerable efforts attempting to locate Sheri Phillips, efforts that were entirely unsuccessful. After being unsuccessful in its attempts to locate here, Allfirst learned during the Defendant's deposition that he, at the direction of counsel, had spoken to Sheri Phillips the day before by phone. Only after much effort by Allfirst and foot dragging by Defendant was Allfirst able to obtain from Defendant Sheri Phillips' phone number so as to be able to contact her for a deposition. Defendant did not provide any information about Sheri Phillips whereabouts until near the end of the discovery period.

4. Upon obtaining information sufficient to enable Allfirst to issue a deposition subpoena, Allfirst noted the deposition of Sheri Phillips for the last day of the discovery period. As a result of a hearing before this Court based on a motion by Defendant to prevent the deposition, this Court extended the discovery period solely to permit Allfirst to take the deposition of Sheri Phillips.

5. On March 13, 2002, Allfirst took the deposition of Sheri Phillips. Defendant was present both in person and by counsel at this deposition. Defendant's counsel questioned Sheri Phillips extensively.

6. Until the deposition of Sheri Phillips was taken, Allfirst had no idea what her testimony would be, much less that this testimony would be favorable to Allfirst. Because of the late taking of the deposition of Sheri Phillips due to Defendant's failure to provide Allfirst with information regarding her whereabouts, Allfirst was unable to designate Sheri Phillips as a witness who would potentially provide opinion testimony admissible under *Federal Rule of Evidence* 703.

7. Allfirst does not contemplate eliciting any opinion testimony from Sheri Phillips beyond that which was presented by her during her deposition. This opinion testimony would be

rooted in the facts surrounding the negotiation, purpose, and operation of the $4 million dollar revolving line of credit and the $1.2 million dollar loan, particularly that the borrowing under the $4 million dollar line of credit to repay the $1.2 million dollar loan was inconsistent with the purpose and the terms and conditions of the $4 million dollar revolving line of credit and was not a proper borrowing under a revolving line of credit of the type extended to CCI Construction by Allfirst.

8.  Defendant had as much notice of the potential testimony of Sheri Phillips as did Allfirst and certainly cannot claim surprise by her testimony.

9.  Any failure by Allfirst to designate Sheri Phillips as an opinion witness under *Federal Rule of Evidence* 703 at an earlier date resulted solely from Defendant's conduct in not giving Allfirst timely information about her whereabouts.

Lawrence J. Gebhardt, *Pro Hac Vice*
Ramsay M. Whitworth, PA Bar # 85208
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 E. Pratt Street
Baltimore, MD 21202
(410) 385-5100
*Attorneys for Allfirst Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __7__ day of June, 2002 a copy of *Motion for Reconsideration* was sent by Federal Express to: Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103, *Attorneys for Defendant*.

Lawrence J. Gebhardt