ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALLFIRST BANK,

    Plaintiff,

v.

JOHN M. ORTENZIO

    Defendant.

CASE NO. 1:01-CV-786

FILED
HARRISBURG, PA
JUN 21 2002
MARY E. D'ANDREA
By _____ Deputy Clerk

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

Defendant John M. Ortenzio ("Mr. Ortenzio") respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion for Partial Reconsideration of this Court's June 6, 2002 Order. Plaintiff, Allfirst Bank ("Allfirst") seeks the Court's permission to have Sheri Phillips testify as an expert witness and give opinion testimony to the effect that CCI's actions in repaying the $1.2 million Short-Term Loan were "inconsistent with the purpose and the terms and conditions of the $4 million unsecured revolving line of credit." Allfirst's Motion for Partial Reconsideration, at ¶ 7. Allfirst's Motion is based on its argument that it was Mr. Ortenzio's fault that Allfirst failed to designate Sheri Phillips as an expert witness. The genesis of Allfirst's position arises out of Allfirst's mistaken belief that Mr. Ortenzio had the ability and obligation to not only locate Ms. Phillips, but to also produce Ms. Phillips for deposition.

### Mr. Ortenzio Did Not Cause Allfirst's Failure To Identify The Proposed Opinion Testimony Of Ms. Phillips

Ms. Phillips is the former CFO of CCI Construction. Mr. Ortenzio did not have the ability or duty to produce Ms. Phillips for deposition as Mr. Ortenzio had no control over Ms.

Phillips. Moreover, Allfirst was aware of Ms. Phillips' position as CFO at CCI for years prior to the commencement of this lawsuit. While the discovery period in this matter was scheduled to end March 4, 2002, Ms. Phillips was identified in the Joint Case Management Plan that was filed by the parties in October 2001. Ms. Phillips was also identified in both parties responses to interrogatories.

By letter dated January 23, 2002, attached hereto as Exhibit "A", Allfirst advised that Mr. Ortenzio did not know the precise location of Ms. Phillips, other than a belief that Ms. Phillips was still in the Harrisburg area. Similarly, by letter dated February 5, 2002, Allfirst's counsel was advised that Mr. Ortenzio did not have control over Ms. Phillips and that Allfirst was free to contact Ms. Phillips directly. Allfirst was then provided with Ms. Phillip's telephone number which Mr. Ortenzio was only recently able to obtain. Mr. Ortenzio did not have an address for Ms. Phillips. See February 5, 2002 letter attached hereto as Exhibit "B".

In short, Allfirst was in possession of the same information regarding the location of Ms. Phillips as was Mr. Ortenzio. Allfirst had the same ability to attempt to locate Ms. Phillips and choose not to do so. Allfirst was provided with Ms. Phillips' telephone number after Mr. Ortenzio was able to obtain it, but waited until February 27, 2002 to notice the deposition of Ms. Phillips to occur on March 4, 2002 (the last day of the discovery period). A telephone conference with the Court occurred based upon Mr. Ortenzio's request that the deposition not take place on March 4, 2002 on such short notice, on a date that Mr. Ortenzio was unable to attend. The Court ruled in Mr. Ortenzio's favor and permitted the deposition to go forward on March 13, 2002.

Following the deposition of Ms. Phillips on March 13, 2002, Allfirst did nothing to amend it's responses to interrogatories to indicate that Ms. Phillips would be providing opinion testimony, the subject of Ms. Phillips' opinion testimony, or the opinions that Ms. Phillips would set forth.

It is respectfully submitted that the Court properly excluded Ms. Phillips from testifying as an expert witness or providing opinion testimony. Rule 26(a)(2)(A) required Allfirst to identify Ms. Phillips as an individual that would be providing opinion testimony. In addition to its Rule 26 obligations, Allfirst was required to disclose the opinions and factual basis of the opinions for Allfirst's witnesses in response to Mr. Ortenzio's specific discovery requests.[1]

**The Subject Matter Of Ms. Phillips Proposed Opinion Testimony Is Not Proper**

Paragraph 7 of Allfirst's Motion for Reconsideration identifies <u>for the first time</u> the "opinions" that Allfirst seeks to elicit from Ms. Phillips. Allfirst seeks to have Ms. Phillips testify that CCI's repayment of the $1.2 million Short-Term Loan was "inconsistent with the purpose and the terms and conditions of CCI's $4 million revolving line of credit and was not a proper borrowing under the revolving line of credit of the type extended to CCI Construction by Allfirst." Allfirst seeks to have Ms. Phillips provide opinion testimony regarding the terms and conditions of a contract. This is not an area that is proper for an expert witness. Allfirst, and the Court, have already recognized that a witness may not provide opinion testimony regarding an interpretation of a contract as that area is left for the expertise of the Court. Exhibit "C", February 5, 2002 letter from Allfirst's counsel wherein Allfirst stated that Allfirst objected to Mr.

---

[1] This issue was addressed in detail in Defendant's Motion for Reconsideration and Memorandum of Law in support thereof, dated June 13, 2002, at pages 2-3.

3

Ortenzio's expert's testimony "to the extent he wished to opine as to the meaning or interpretation of the loan documents. This is not a proper subject for experts testimony, and we will file a Motion at the appropriate time." Id. It should be noted that Mr. Ortenzio's expert was not retained to provide testimony whether the loan documents were breached. Indeed, the Court, having been advised of this, properly ruled that there should be no opinion testimony regarding whether CCI's use of the line of credit violated any of the terms of the loan documents. Exhibit "D".

## CONCLUSION

In light of the foregoing, Mr. Ortenzio respectfully requests that this Honorable Court deny Allfirst's Motion for Partial Reconsideration, as the opinion testimony of Ms. Phillips was properly excluded.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

BY: _____
EDWARD I. SWICHAR, ESQUIRE
ROBERT A. BURKE, ESQUIRE
*Attorneys for Defendant, John M. Ortenzio*

Dated: June 20, 2002

4

A

# BLANK ROME COMISKY & MCCAULEY LLP

*Counselors at Law*

Direct Dial: (215) 569-5606
Fax: (215) 832-5606
Email: burke@blankrome.com

*Delaware*
*Florida*
*Maryland*
*New Jersey*
*New York*
*Ohio*
*Pennsylvania*
*Washington, DC*

January 23, 2002

**BY TELECOPY**

Ramsay M. Whitworth, Esquire
Gebhardt & Smith LLP
Ninth Floor
The World Trade Center
Baltimore, MD 21202-3064

Re: Allfirst Bank v. Ortenzio
Civil Action No. 1:01-CV-786 (Judge Rambo)

Dear Ramsay:

This letter is to follow up on the documents that were promised to us, but have not yet been produced. Specifically, we are still waiting for Allfirst's Supplemental Responses to Interrogatories and Document Request, that were promised to us long ago. As you will recall, Allfirst represented that it would supplement its responses so that we would not need to raise this issue with the Court. We relied on Allfirst's representation in this regard, and are still waiting for this supplement.

As we also discussed, the deposition of Allfirst's document custodian revealed numerous categories of documents that were requested, but were not produced. Please forward the following documents to our attention immediately:

1.  Allfirst's General Credit Policy for Allfirst Bank. This should include the guidelines for Allfirst's issuance of credit.

2.  The same credit policy for Dauphin Deposit.

3.  The documents setting forth Allfirst and Dauphin Deposit's risk rating system. This is necessary in order to interpret the bank documents that have been produced.

4.  A document setting forth the loan authority for Mr. Schwartz.

5.  The Bank's Commercial Loan System computer records. According to Mr. Gibson's testimony, this computer system contains all information

**BLANK ROME COMISKY & MCCAULEY LLP**

Ramsay M. Whitworth, Esquire
January 23, 2002
Page 2

on CCI's accounts with the Bank. Although we are entitled to all information for CCI on the Bank's systems, for the time being we are willing to limit our request to all information on the Bank's Commercial Loan System for CCI for the period of October 1999 to the present.

6. Allfirst's policies as to stopping payment on checks, terminating the sweep procedure and the entire FILM process.

In addition to these documents, it is clear from Mr. Gibson's testimony that the only documents produced by the Bank, with the exception of the bankruptcy files, were documents that were in the possession of Mr. Gibson. The document request obviously sought documents <u>in the Bank's possession or control</u>, not just in the possession of Mr. Gibson. Accordingly, please ascertain if there are any other documents in the possession of any other individual or department at the Bank. This must include computer records and electronic mail.

Finally, we need to schedule the depositions of Craig Schwartz, Michael Zarcone, Darryl Myers and Gerald Elias. At this time, we do not believe that we will need another day for Mr. Gibson.

We will schedule Messrs. Schwartz and Elias for the same day. We are available to take these depositions on either February 11 or February 15, 2002. Please let me know which date is available for these witnesses. We can also schedule Messrs. Zarcone and Myers on the same day. We are available to take these witnesses at any time the week of February 4, 5 or 8, or the week of February 11.

Pursuant to your request, we are checking on dates for the deposition of Mr. Ortenzio, and will have the dates to you shortly. We are also in the process of attempting to locate Shane Miller and Sherry Phillips. We will let you know if we locate these witnesses. We believe Ms. Phillips is still in the Harrisburg area. We believe that Mr. Miller is in Southern California. Please contact me when you review this letter. We have a lot to accomplish before the close of discovery.

Very truly yours,

ROBERT A. BURKE

B

# BLANK ROME COMISKY & McCAULEY LLP

*Counselors at Law*

Direct Dial: (215) 569-5641
Fax: (215) 832-5641
Email: swichar@blankrome.com

*Delaware*
*Florida*
*Maryland*
*New Jersey*
*New York*
*Ohio*
*Pennsylvania*
*Washington, DC*

February 5, 2002

**VIA FACSIMILE**

Lawrence Gebhardt, Esquire
Gebhardt & Smith, LLP
The World Trade Center, Ninth Floor
Baltimore, MD  21020-3064

Re:  <u>Allfirst Bank v. John M. Ortenzio</u>

Dear Larry:

In regard to your letter of February 5, 2002, please give me your available dates through the end of the discovery period and I will thereafter coordinate with my expert.

Regarding the subject of expert witnesses, you state that the Bank may have rebuttal experts who will testify in regard to the custom and practice in the banking industry. It is my view that you are now required to provide me with any and all expert reports. Thereafter, I would want to depose your expert or experts as well. If, as it appears, you are refusing to refuse to provide me with a rebuttal expert report until after my expert provides live testimony, then your position would be, of course, without prejudice to my contrary position. In fact, I would seek to preclude your experts from testifying at trial unless I timely receive all of your expert rebuttal reports and be given the opportunity to timely depose them.

Needless to say, you are free to file a motion in limine, if you deem it appropriate. With respect to our efforts to locate Sherry Phillips and Shane Miller, please refer to Bob Burke's letter of January 23, 2002, which I believe responded to the same inquiry. We do not control these persons and you are free to contact them directly.

Please call me if you wish to discuss any of the foregoing.

Very truly yours,

Edward I. Swichar

cc:  Robert A. Burke ✓

FROM : GEBHARDT SMITH LLP          FAX NO.: 410 385 5018          02-05-02 10:54   P.02

LAW OFFICES

# GEBHARDT & SMITH LLP

NINTH FLOOR
THE WORLD TRADE CENTER
BALTIMORE, MARYLAND 21202-3084

BALTIMORE:   (410) 752-5830
WASHINGTON:  (301) 470-7468

FACSIMILE
(410) 385-5119

WRITER'S DIRECT DIAL NUMBER:
(410) 385-5100
Writer's E-Mail Address:
lgebh@gebsmith.com

February 5, 2002

Refer to File No. 19527

**VIA FACSIMILE**

Edward I. Swichar, Esquire
BLANK ROME COMISKY & MCCAULEY LLP
One Logan Square
Philadelphia, PA 19103

    Re:    *Allfirst Bank v. Ortenzio*
           Case No.: 1:01-CV-0786 (Judge Rambo)

Dear Ed:

    Having received the report of your expert witness, Donald C. Fruch, I am writing to request dates from you for his deposition.

    Regarding the subject of expert witnesses, please be advised that the Bank may provide rebuttal testimony from any of the Bank officers involved in this transaction, including Gerard Elias, Jamin Gibson, Craig Swartz, and Daryl Myers. The rebuttal testimony would be directed to the issue of whether it is consistent with custom and practice in the banking industry to permit a borrower to repay a guaranteed credit facility with a draw upon an unguaranteed revolving line of credit shortly before the company announces that it is in financial distress. We also may present one or more third party experts as rebuttal witnesses on this issue. We do not believe we are obligated to provide any Rule 26(a)(2) report with respect to the Bank's own personnel who may express opinions, but we will provide a report from any third party expert called as rebuttal witnesses to the extent their testimony is to rebut matters raised in your expert's report. Obviously, we are entitled to present a rebuttal expert based upon the live testimony provided by your expert witness and we will not know what this live testimony is until it is given and cannot provide a report aimed at something not reflected in your expert's report.

    I should also advise you that we intend to file a motion in limine objecting to Mr. Fruch's testimony as an expert to the extent he wishes to opine as to the meaning or interpretation of the loan documents. This is not a proper subject for experts testimony, and we will file a motion at the appropriate time.

## GEBHARDT & SMITH LLP

Edward I. Swichar, Esquire
February 5, 2002
Page 2

Finally, would you let me know as to the status of your efforts to locate Sherry Phillips and Shane Miller. We would like to set their depositions prior to the expiration of the discovery deadline.

Very truly yours,

Lawrence J. Gebhardt

LJG/cjl
cc:  Jamin M. Gibson, Vice President
     Gerard L. Elias, Senior Vice President

15:25 MAY 14, 2002   TO: ROBERT A. BURKE   FR: SCAN31   #7791   PAGE: 2/2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK, | : | CIVIL ACTION NO. 1:CV-01-0786 |
| Plaintiff | : | |
| v. | : | |
| JOHN M. ORTENZIO, | : | FILED |
| Defendant | : | MAY 1 4 2002 |
| | | PER_____ |
| | | HARRISBURG, PA  DEPUTY CLERK |

## ORDER

Before the court is Plaintiff's motion *in limine* to preclude the testimony of Defendant's expert witness, Donald C. Frueh. The issue has been briefed and is ripe for disposition.

Plaintiff's position is noted in part. Mr. Frueh should not testify as to whether the use of the temporary line of credit violated any of the terms of the loan documents. He is not precluded, however, from testifying as to the usual and customary practice in the banking industry on line of credit obligations. Mr. Frueh will be able to testify as to the usual and customary practice in the industry concerning all factors associated with the type of commercial loan practices which are at issue in this case. He will not be permitted to issue an opinion on the ultimate issue – whether the terms of the loan documents were breached.

IT IS SO ORDERED.

SYLVIA H. RAMBO
United States District Judge

Dated: May /4, 2002.

## CERTIFICATE OF SERVICE

Robert A. Burke, attorney for Defendant, John Ortenzio, hereby certifies that he caused a true and correct copy of Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Reconsideration be served upon the following on this 20th day of June, 2002, by Federal Express Next Day Delivery:

> Lawrence Gebhardt, Esquire
> Gebhardt & Smith, LLP
> The World Trade Center, Ninth Floor
> Baltimore, MD 21020-3064

---
ROBERT A. BURKE, ESQUIRE