**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: 1:01-CV-786 |
| JOHN M. ORTENZIO | * | |
| Defendant. | * | |

*************************************************************

## MOTION FOR ORDER PURSUANT TO *F. R. CIV. P 56(D)*

Plaintiff, Allfirst Bank, by its undersigned attorneys, moves for the entry of an order pursuant to *F. R. Civ. P.* 56(d), as a supplement to this Court's July 16, 2002 ruling on the cross-motions for summary judgment, specifying either (a) that the facts recited by and determined in the Court's Memorandum and Order of July 16, 2002 shall be deemed established for purposes of trial and that no further proof need be adduced thereon except as relevant or probative to issues determined in the Memorandum and Order to be material and genuinely in dispute, (b) specifying which facts appear without substantial controversy and shall be deemed established and which facts are material and genuinely in dispute and require proof at trial, or (c) a combination of (a) and (b). The grounds for this motion are as follows:

1. On July 16, 2002, this Court issued a Memorandum and an accompanying Order ruling on the partys' cross motions for summary judgment. The Memorandum and Order granted Defendant's motion for summary judgment as to Counts I and II of the Complaint (alleging conditional payment and equitable subrogation) but denied both party's motions for summary judgment as to Count III, alleging common law fraud.

2. The Memorandum and Order set forth a comprehensive statement of facts which the Court regarded as not substantially in dispute and delineated certain facts pertaining to the fraud claim which it regarded as genuinely in dispute and requiring the presentation of evidence at trial.

3. Unless this Court enters an order pursuant to *F. R. Civ. P.* 56(d), Plaintiff will be compelled to present the entire array of evidence already considered and determined by the Court in ruling on the cross motions for summary judgment because, absent a redundant presentation of this evidence, Plaintiff will not have established at trial many of the substantially undisputed facts upon which the fraud claim is premised.

4. Conversely, if this Court enters an order pursuant to *F. R. Civ. P.* 56(d) setting forth the facts which shall be deemed established for purposes of trial as a result of the summary judgment proceedings, Plaintiff can limit its proof only to the issues which the Court found to be substantially in dispute as to the fraud claim and can eliminate proof as to the facts the Court determines to be established, except as pertains to and as probative upon the factual issues in substantial dispute. Defendant, likewise, will be able to limit his proof to the issues in genuine dispute.

5. Entry of an order pursuant to *F. R. Civ. P.* 56(d) will potentially enable what is presently scheduled for a three day trial to be shortened to one to one and a half days.

6. *F. R. Civ. P.* 56(d) contemplates the entry of an order of the type requested by Plaintiff so that the efforts of the Court and the parties in the summary judgment process will not be wasted if motions for summary judgment do not resolve the entire case and certain matters must proceed to trial. Such an order promotes efficiency and preserves resources in the judicial process.

*[signature]*

Lawrence J. Gebhardt, *Pro Hac Vice*
Ramsay M. Whitworth, PA Bar # 85208
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 E. Pratt Street
Baltimore, MD 21202
(410) 385-5100
*Attorneys for Allfirst Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2002 a copy of *Motion for Order Pursuant to F. R. Civ. P. 56(d)* was sent by facsimile and U.S. Mail to: Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103, *Attorneys for Defendant.*

*[signature]*

Lawrence J. Gebhardt