**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLFIRST BANK, :<br>        Plaintiff, :<br>    v. :   CASE NO. 1:01-CV-786<br>JOHN M. ORTENZIO, :<br>        Defendant. : | Judge Rambo<br><br>FILED<br>HARRISBURG, PA<br>OCT 1 7 2002<br>MARY E. D'ANDREA, CL<br>Per _____<br>Deputy Clerk |

**DEFENDANT'S MOTION TO STRIKE THE LAST SEVEN
PAGES FROM PLAINTIFF'S POST-TRIAL BRIEF OR, IN THE
ALTERNATIVE, TO SUBMIT A SEVEN-PAGE SUPPLEMENT
TO DEFENDANT'S POST-TRIAL BRIEF**

Defendant, John M. Ortenzio ("Mr. Ortenzio"), by and through his undersigned counsel, hereby submits this Motion to Strike the Last Seven Pages from Plaintiff's Post-Trial Brief, or in the Alternative, to Submit a Seven-Page Supplement to Defendant's Post-Trial Brief. Plaintiff, Allfirst Bank ("Allfirst") filed a post-trial brief in excess of the twenty-five page limit set by this Court. Mr. Ortenzio, who abided by the twenty-five page limit, will be substantially prejudiced by the unfair advantage gained by Allfirst as a result of the seven additional pages within which to argue its position. In support of this Motion, Mr. Ortenzio says the following:

113449.00601/21074021v1

1. A bench trial of this matter was held before the Honorable Sylvia H. Rambo on July 29, 30 and 31, 2002.

2. On July 31, 2002, after the trial was concluded, Judge Rambo issued an Order addressing the timing and length of the parties' post-trial briefs. A true and correct copy of the July 31, 2002 Order is attached hereto as Exhibit "A."

3. According to the Order, the parties were directed to "submit post-trial briefs **no more than twenty-five pages in length**." See, Exhibit "A" (emphasis added).

4. Allfirst's counsel contacted Mr. Ortenzio's counsel about one week before Allfirst's brief was due and proposed that both parties submit post-trial briefs that exceeded the twenty-five page limit set by this Court and use a "333 words per page average." An Affidavit of Robert A. Burke, counsel for Mr. Ortenzio is attached hereto as Exhibit "B."

5. Mr. Ortenzio's counsel informed Allfirst's counsel that he would not consent because the Court clearly ruled that post-trial briefs were to be no longer than twenty-five pages; that he objected to Allfirst submitting a brief in excess of twenty-five pages; and that Mr. Ortenzio would be submitting a post-trial brief that conformed to this Court's July 31, 2002 Order. See, Exhibit "B."

6. Despite the clear language of this Court's Order and over the objection of Mr. Ortenzio's counsel, the post-trial brief submitted by Plaintiff on

September 27, 2002 is thirty-two (32) pages in length – seven pages longer than the Court's Order permits.

7. Plaintiff's counsel attempted to justify its defiance of the July 31, 2002 Order by attaching a "Certification Pursuant to Local Rule 7.8(b)," claiming that the word count of its post-trial brief is "within the 333 per page average established by Local Rule 7.8(b)." See, Allfirst's Post-Trial Brief at 33.

8. Local Rule 7.8(b) governs the contents and length of Pretrial Briefs and provides that such briefs shall be no longer than 15 pages in length. See, Local Rule 7.8(b)(1). Local Rule 7.8(b) further provides that "[a] brief may exceed fifteen (15) pages in length so long it does not exceed 5,000 words." See, Local Rule 7.8(b)(2).

9. Contrary to Allfirst's assertion, Local Rule 7.8 does **not** establish a "333 words per page average" that is applicable where the Court has specifically ordered that a post-trial brief is not to exceed twenty-five pages in length.

10. Allfirst has failed to comply by this Court's July 31, 2002 Order and, as a result, obtained a significant, unfair advantage.

11. Mr. Ortenzio complied with this Court's July 31, 2002 Order by filing a post-trial brief that is twenty-five pages in length.

12. After learning that Allfirst's post-trial brief exceeded the twenty-five page limit set by this Court, on October 16, 2002, Mr. Ortenzio's counsel contacted

Allfirst's counsel and requested that Allfirst stipulate that Mr. Ortenzio should be permitted to file a supplement to his post-trial brief so that it is the same length as Plaintiff's post-trial brief or that the last seven pages of Allfirst's brief be stricken. See, Exhibit "B."

13. Mr. Ortenzio's counsel was unable to obtain the consent from Allfirst's counsel for the relief requested in this Motion.

14. In order to comply with this Court's July 31, 2002 Order, Mr. Ortenzio was unable to expand on certain important arguments in as much detail as he would have liked. In addition, Mr. Ortenzio was forced to remove certain arguments that would have bolstered his position.

15. Justice and fairness require that Mr. Ortenzio, who abided by this Court's clear July 31, 2002 Order, should not be prejudiced by the advantage gained by Allfirst as a result of its having seven additional pages within which to argue its position.

WHEREFORE, Mr. Ortenzio respectfully requests this Honorable Court enter an Order striking the last seven (7) pages of Allfirst's Post-Trial Brief, or in the alternative, granting Defendant leave to file a seven-page supplement to his post-trial brief.

                              Respectfully submitted,

                              BLANK ROME COMISKY & McCAULEY LLP

BY: _____
                              EDWARD I. SWICHAR, ESQUIRE
                              ROBERT A. BURKE, ESQUIRE
                              *Attorneys for Defendant, John M. Ortenzio*

Dated: October 16, 2002

## CERTIFICATE OF SERVICE

Michelle Piscopo, attorney for Defendant, John Ortenzio, hereby certifies that she caused a true and correct copy of the foregoing Motion to be served upon the following on this 16th day of October, 2002, by federal express:

>Lawrence Gebhardt, Esquire
>Gebhardt & Smith, LLP
>The World Trade Center, Ninth Floor
>Baltimore, MD  21202-3064

*[signature]*
MICHELLE PISCOPO



EXHIBIT A
99
7-31-02
MK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLFIRST BANK,** | CIVIL ACTION NO. 1:CV-01-0786 |
| Plaintiff | |
| v. | |
| **JOHN M. ORTENZIO,** | |
| Defendant | |

FILED
JUL 31 2002
PER _____
HARRISBURG, PA.    DEPUTY CLERK

## ORDER

AND NOW, this **31** day of July, 2002, **IT IS HEREBY ORDER THAT,** within thirty days of the date of receipt of the trial transcript in the captioned matter, the parties shall submit post-trial briefs no more than twenty-five pages in length.

SYLVIA H. RAMBO
United States District Judge

Dated: July **31**, 2002.



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALLFIRST BANK,                :
                              :
    Plaintiff,                :
                              :
    v.                        :    CASE NO. 1:01-CV-786
                              :
JOHN M. ORTENZIO,             :
                              :
    Defendant.                :

## AFFIDAVIT OF ROBERT A. BURKE

I, ROBERT A. BURKE, ESQUIRE, counsel for Defendant, John M. Ortenzio, hereby affirm as follows:

1. I am counsel for Defendant, John M. Ortenzio in this matter.

2. Approximately one week before Allfirst's post-trial brief was due, Ramsay Whitworth, counsel for Allfirst, telephoned me. Mr. Whitworth requested that I consent to filing a brief that exceeded 25 pages and use a "333 words per page average" as a reason for doing this. I advised Mr. Whitworth that the Court's Order was crystal clear that the page limitation was set at 25 pages, and no more. I advised Mr. Whitworth that I would not consent to any procedure that would violate the Court's Order. I further advised Mr. Whitworth that we would object to any effort by Allfirst to submit a brief in excess of the 25 page limit set by this

Court.

3.   In drafting the brief filed by Mr. Ortenzio, we were unable to expand on certain important arguments in the detail that we would have liked. We were also forced to remove arguments that we wanted to make on Mr. Ortenzio's behalf. Accordingly, Allfirst having an additional seven pages in which to set forth its case is a substantial advantage, and acts to substantially prejudice Mr. Ortenzio.

4.   I certify that the foregoing statements made by me are true.

_____
ROBERT A. BURKE

Sworn to and Subscribed

before me this 16th day

of October, 2002.

_____
NOTARY PUBLIC

NOTARIAL SEAL
CHERYL E. ROGERS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Dec. 18, 2004

2

113449.00601/21074349v1