ORIGINAL



11-1-02
𝒮𝒞

2†0C4

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALLFIRST BANK              *

    Plaintiff,          *

v.                         *     CASE NO.: 1:01-CV-786

                                     Judge Rambo

JOHN M. ORTENZIO          *

    Defendant         *

FILED
HARRISBURG, PA
OCT 3 1 2002
MARY E. ___, CLER
Per ___
Deputy Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Plaintiff, Allfirst Bank, by its undersigned counsel, opposes *Defendant's Motion to Strike the Last Seven Pages from Plaintiff's Post-Trial Brief* ("Defendant's Motion"), and in support states the following:

1.    Defendant's Motion should be denied because Plaintiff's Post-Trial Brief conforms to the purpose of this Court's post trial Order as well as the spirit of the word count exception of Local Rule 7.8 (b).

2.    In an attempt to strike pages from Allfirst's Post-Trial Brief or obtain permission to file an uncontested opposition, Defendant's counsel relies upon a disagreement which he manufactured regarding the application of Local Rule 7.8 (b). As discussed below, such conduct should not be condoned, much less rewarded, by this Court.

3.      Trial of this matter concluded on July 31, 2002. Due to the specific nature of the issues to be decided, the Court ordered the parties to submit post trial briefs in lieu of presenting closing arguments.

4.      Prior to exiting the courtroom, the parties asked the Court's clerk to inquire if the 15-page limitation set forth in Local Rules 7.8 and 7.33 would be extended. After consulting with the Court, the clerk notified the parties that the page limitation would be extended to 25 pages and that an appropriate Order would be forthcoming.

5.      On July 31, 2002, the Court issued an Order which indicated that the post-trial briefs shall be no more than "twenty-five pages in length." Due to the number of issues to be addressed in the briefs, it was clear that the Court's Order was meant to serve as a 10-page extension of the limit provided in Local Rule 7.8.

6.      In order to give any operative effect to this extension, however, the word count exception of Rule 7.8 (b) must be applied. Absent such application, the Court's Order would have no effect on the total number of pages available to the parties in their post trial briefs.

7.      Local Rule 7.8 (b) states, in relevant part:

(b) Length of Briefs

    (1) Unless the requirements of Local Rule 7.8 (b)(2) and (3) are

2

met, no brief shall exceed fifteen (15) pages in length.

(2) A brief may exceed fifteen (15) pages so long as it does not exceed 5,000 words. If a brief is filed in accordance with this subsection, counsel, or an unrepresented party, must attach a certificate . . . that the brief complies with the word-count limit described in this subsection . . . .

(3) No brief exceeding the limits described in this rule may be filed without prior authorization . . . .[1]

8.     Without the Court's extension the parties post trial briefs were limited to 15 pages or 5000 words. As evidenced by Allfirst's Trial Brief, however, which contained 4819 words within 22 pages, the Court's Order would have afforded the parties no additional pages, absent the application of the word count extension provided in Local Rule 7.8 (b).

9.     In fact, the Court's Order had the potential of decreasing the total number of words available to the parties in their respective briefs, if the word count exception was not applied. This was clearly not the Court's intent nor the parties' initial understanding of the Order.

10.     As the parties left the courtroom on July 31st, counsel discussed the application of the word count exception and how it should apply in order to give effect to the Court's 10-page extension.

---

[1] Local Rule 7.33 makes these page limitation provisions applicable to post trial briefs.

11.    Allfirst accurately understood the word count exception of Local Rule 7.8 (b) to apply to Judge Rambo's Order, and certified, in accordance with Rule 7.8(b)(2), that its Post Trial brief is "within the 333 per page average established by Local Rule 7.8 (b)."

12.    In an attempt to coordinate the simultaneous filing of the post trial briefs, Allfirst's counsel contacted Defendant's counsel, Robert Burke. Allfirst's counsel sought to obtain an agreed upon date for both parties to file their respective briefs and to confirm the understanding of the application of the word count extension to the briefs. *See* Exhibit "A", Affidavit of Ramsay Whitworth.

13.    With little consideration of Allfirst's positions, and consistent with his conduct throughout this litigation, Mr. Burke fomented a dispute where no dispute need ever have existed, and refused to agree with Allfirst's counsel on either issue.

14.    Allfirst's counsel explained to Mr. Burke the logic of applying the word count exception and reminded him of the post trial discussion regarding its application. Mr. Burke simply stated "the Order says 25 pages and we're only going to use 25 pages," or words to that effect.

15.    Allfirst's counsel informed Mr. Burke that despite his refusal to apply the exception, Allfirst intended to give practical effect to the Court's Order and would be applying the exception.

16.    Contrary to the patent misrepresentation contained within his sworn Affidavit, Mr. Burke never advised Allfirst's counsel that he would "object to any effort by Allfirst to submit a brief in excess of the 25 page limit set by this Court."[2]

17.    Mr. Burke had every right and opportunity to apply the word count exception prior to filing his brief and knew full well that Allfirst intended to do so. Mr. Burke chose, instead, to sit idle, allow Allfirst to apply the exception, and then use such application in an attempt to strike pages from Allfirst's Brief or seek permission to file an uncontested opposition. Such conduct should not be condoned.

18.    Contrary to Defendant's assertions, Ortenzio has not been prejudiced by Allfirst's proper application of the word count exception. Rather, if anything, Ortenzio has been prejudiced by the quarrelsome nature of his counsel, who chose, perhaps strategically, to ignore Allfirst's attempts to reach an agreement and opted instead to foment yet another unnecessary dispute.

19.    Allfirst's application of the word count exception of Local Rule 7.8 (b) is consistent with the purpose of the Court's 10-page extension, and the spirit of the rule.

20.    To strike pages from Allfirst's Post Trial Brief or to permit Ortenzio to

---

[2] Allfirst's notes that Mr. Burke's affidavit is neither "sworn under the penalties of perjury" nor represented to be "based on personal knowledge."

5

file an uncontested opposition would serve to reward Ortenzio for his counsel's conduct and would materially prejudice Allfirst.

For the foregoing reasons, Plaintiff, Allfirst Bank, respectfully requests this Court deny *Defendant's Motion to Strike the Last Seven Pages from Plaintiff's Post-Trial Brief* and grant such other relief as this Court deems just and proper, including, but not limited to, the award of Allfirst's reasonable attorneys' fees incurred in opposing Defendant's frivolous Motion.

Respectfully Submitted,

Lawrence J. Gebhardt, *Pro Hac Vice*
Ramsay M. Whitworth,
Pennsylvania Bar # 85208
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 E. Pratt Street
Baltimore, MD 21202
(410) 385-5100
*Attorneys for Allfirst Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2002 a copy of

*Plaintiff's Opposition to Defendant's Motion to Strike* was sent by Federal Express

to: Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME

COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103,

*Attorneys for Defendant.*

Ramsay M. Whitworth

*Exh 1*

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALLFIRST BANK                        *

    Plaintiff,                     *

v.                                   *        CASE NO.: 1:01-CV-786

JOHN M. ORTENZIO                     *

    Defendant                      *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### **AFFIDAVIT OF RAMSAY M. WHITWORTH**

I, Ramsay M. Whitworth, Esquire, counsel for Plaintiff Allfirst Bank, hereby solemly affirm as follows:

1.    That I am over the age of 18 and competent to testify regarding the matters set forth in this Affidavit.

2.    I am counsel for Plaintiff, Allfirst Bank.

3.    At the conclusion of trial on July 31, 2002, the parties asked the Court's clerk to inquire if the 15-page limitation set forth in Local Rules 7.8 and 7.33 would be extended.  After consulting with the Court, the clerk notified the parties that the page limitation would be extended to 25 pages and that an appropriate Order would be forthcoming.

4.    As the parties left the courtroom, counsel discussed the application of

the word count exception of Local Rule 7.8 (b) and how it should apply in order to give effect to the Judge's 10-page extension.

5.     In an attempt to coordinate the simultaneous filing of the briefs, I contacted Defendant's counsel, Robert Burke. I sought to obtain an agreed upon date for both parties to file their respective briefs and to confirm the understanding of the application of the word count extension to the briefs.

6.     With little to no consideration of my positions, and consistent with his conduct throughout this litigation, Mr. Burke immediately disagreed with me on both issues.

7.     I explained to Mr. Burke the logic of applying the word count exception and reminded him of the post trial discussion regarding its application. Mr. Burke simply stated "the Order says 25 pages and we're only going to use 25 pages," or words to that effect.

8.     I informed Mr. Burke that despite his refusal to apply the exception, Allfirst intended to give practical effect to the Court's Order and would be applying the exception.

9.     Contrary to the patent misrepresentation contained within his sworn Affidavit, Mr. Burke never advised me that he would "object to any effort by Allfirst to submit a brief in excess of the 25 page limit set by this Court."

2

I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing Affidavit are true.

Dated: __10/30/02__                    _____
                                        Ramsay M. Whitworth