IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLFIRST BANK,** | **CIVIL ACTION NO. 1:CV-01-0786** |
| **Plaintiff** | |
| v. | |
| **JOHN M. ORTENZIO,** | |
| **Defendant** | |



FILED
NOV 0 8 2002
PER____MA____
HARRISBURG, PA  DEPUTY CLERK

**O R D E R**

On July 29, 30, and 31, 2002, the court held a bench trial in the captioned matter. Upon conclusion of the trial the court issued an order stating that: "within thirty days of receipt of the trial transcript . . . the parties shall submit post-trial briefs no more than twenty-five pages in length." (Order July 31, 2002.) At that time, the court had no idea that such a simple sentence could engender as much controversy as it has.

Prior to the filing of the post-trial briefs, the parties disagreed as to which party was required to file their brief first or whether the briefs should be filed simultaneously. In order to put this quibbling to rest, the court ordered that the parties should submit their briefs to the court *in camera* for the court to file them with the Clerk simultaneously in order to avoid any unfair advantage that one party could derive by seeing the other party's brief before having to file their own. At that point, the court hoped that the matter was ripe for disposition.

On October 17, 2002, Defendant filed a motion to strike the last seven pages from Plaintiff's post-trial brief or, in the alternative, to submit a seven-page supplement to its post-trial brief. Apparently, despite the pellucid command that the

post-trial brief not exceed "twenty-five pages in length," Plaintiff submitted a thirty-two page brief.

The court then instructed the parties that it would not rule on the instant motion. Rather, the court wanted the parties to meet and come to an amicable solution to this dispute. Furthermore, the court indicated that no opinion in the case would be forthcoming until such an agreement had been reached. Today, the parties informed the court that they could not reach a mutually agreed upon solution to this dispute.

Having now reviewed the briefs, the court finds that Plaintiff exceeded the court's page limitation. There is nothing in the court's order of July 31, 2002 indicating that the parties could exceed the twenty-five page limitation. Plaintiff argues that it exceeded the limitation because the local rules which limit the briefs to fifteen pages also provide an alternative word count mechanism by which parties may exceed the fifteen page limitation. *See* Local Rule 7.8(b)(2) (stating that a party's brief may exceed fifteen pages, so long as the brief contains less than 5,000 words). Because the court ordered that the parties brief not exceed twenty-five pages, Plaintiff extrapolated from this straight-forward command that the court meant to incorporate an average word-per-page limitation that would cap the filing's at twenty-five pages or 8,325 words; whichever would be greater.

The order, however, makes no mention of the Local Rules. In fact, the Local Rules make clear that when a judge's specific order conflicts with a particular local rule, the judge's order governs. *See* Local Rule 1.3 ("When a judge of this court issues any order in a specific case which is not consistent with these rules,

2

such order shall constitute a suspension of these rules for such case only and only to the extent that it is inconsistent.").

In this case, the local rule indicates that the post-trial briefs shall not exceed fifteen pages or 5,000 words, whichever is greater. On the other hand, the court's ruling indicates that the briefs shall not exceed twenty-five pages. Therefore, to the extent the two provisions are inconsistent, *i.e.* fifteen versus twenty-five pages, the court's order governs. Because the court's order did not mention any word count, the court's order was not in conflict with the word count. Therefore, the post-trial briefs were required to be twenty-five pages in length or 5,000 words; whichever would be longer. Plaintiff's brief was thirty-two pages long and contained 7,813 words; thus exceeding the court's order.

More fundamentally, however, if Plaintiff thought that there was some ambiguity regarding the length of the brief, it should have sought clarification from the court. However, the court fails to see how twenty-five pages could mean anything other than twenty-five pages. Having exceeded this limitation without seeking clarification or extension, the court finds that Plaintiff has waived its right to object to Defendant filing a seven-page supplement.

Before issuing the order in this matter, the court would like to take this opportunity to admonish the parties to cease their contentious bickering. The court has researched the backgrounds of all of the attorneys and finds that they are all distinguished attorneys.[1] Moreover, judging by the quality of the submissions to the

---

[1] Mr. Whitworth is a *cum laude* graduate of the University of Maryland School of Law. Mr. Gebhardt is not only a *cum laude* graduate of the George Washington University Law School, he is also a highly-esteemed member of the Maryland Bar and a former federal judicial law clerk. Mr. Swichar is
(continued...)

court, all attorneys in this matter have more than adequately represented their respective clients' interests before this court. The court, however, could do without much of the caviling that has occurred in this case throughout discovery, trial and now post-trial. As leaders in the bar, counsel have a responsibility to set an example for other attorneys who might feel that respect for opposing counsel is inimical to good lawyering. While the court has been extremely pleased with the manner in which both parties have addressed the tribunal, in addition to the high quality of both parties' written submissions, the court has been disappointed in the manner in which the parties' counsel have addressed one another. (*See, e.g.*, Affidavit of Ramsay M. Whitworth at ¶ 9 (accusing opposing counsel of making patent misrepresentations); Defs. Post-trial brief at 8 (accusing opposing counsel of manufacturing a pretext to hold Ortenzio personally liable).) Not only is such name-calling not beneficial to a party's case, it is also against the Local Rules. *See* Local Rule 83.23.2 (adopting the Middle District of Pennsylvania's Code of Professional Conduct); *see also* M.D. Pa. Code of Prof. Conduct at ¶ 2 ("Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, *it is not part of my duty to my client*.") (emphasis added). Both parties' counsel are guilty of this, and both should take it upon themselves to make a fundamental change in the way they address their adversary in the future.

---

[1](...continued)
a graduate of Temple University School of law, a former United States Department of Justice Attorney and a partner with a major Philadelphia law firm with an impressive array of clients. Mr. Burke, a litigator with over a decade of experience, is a graduate of Seton Hall Law School, a former editor of the Seton Hall Law Review, and a former federal judicial law clerk. Needless to say, the parties in this matter sought representation from these attorneys for their impressive credentials.

In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT** Defendant's motion to strike is **GRANTED IN PART**. Defendant is granted leave to file a seven-page supplement to its original post-trial brief. The supplemental brief shall be filed no later than November 14, 2002. The court will not entertain any motions for reconsideration of this order.

SYLVIA H. RAMBO<br>
United States District Judge

Dated: November 8, 2002.