ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLFIRST BANK | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.:   1:01-CV-786 |
| JOHN M. ORTENZIO | * | Judge Rambo |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ALLFIRST'S OPPOSITION TO DEFENDANT'S
MOTION TO FILE ADDITIONAL BRIEF**

Plaintiff, Allfirst Bank, by its undersigned attorneys, opposes "Defendant's Motion to File Additional Brief to Address New Pennsylvania Authority" upon the following grounds:

1. This case has been tried and fully briefed by the parties and is awaiting a decision on the merits by the Court. At no time during the trial or as part of the briefing of the case did Defendant, John M. Ortenzio, ever argue the application of the doctrine of "gist of the action." The authorities cited in *Etoll v. Elias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. 2002) were never cited or argued by Defendant in any of its prior briefing papers, although all of these authorities were available to Defendant..

2. Defendant was afforded an opportunity to file an additional brief by this Court based on Defendant's complaint that Allfirst's post trial brief exceeded the page limit set by this Court. Defendant did not cite to or discuss the gist of the action doctrine in the additional post trial brief or cite to the *Etoll v. Elias/Savion Advertising, Inc.* case or any of the cases cited therein. Defendant's additional post trial brief was filed on November 13, 2002, whereas the *Etoll* decision was publicly filed on November 8, 2002. It was not, therefore, impossible for Defendant's to have come upon the

*Etoll* decision prior to filing their Supplemental Post Trial Brief by November 13, 2002.

3. Rather than obtain permission of the Court in the first instance, Defendant simply attached an additional brief as an exhibit to its motion seeking leave to file an additional brief and has put before the Court all of its arguments under the guise of a motion seeking leave to file what Defendant has already filed. This is unfair to Allfirst

4. The *Etoll* decision, moreover, is not binding authority on this Court. Prior to the filing of Defendant's Supplemental Post Trial Brief, there was authority in Pennsylvania dealing with the topic of the gist of the action doctrine consistent with *Etoll*, all of which could have been argued by Defendant's prior to the publication of the *Etoll* decision. The issue of the *Etoll* decision does not change the legal context of the case.

5. This Court should not permit the Defendant to introduce a new defense not tried or briefed previously and engender the need for a new round of briefing in a case that is ready for a decision on the merits.

Lawrence J. Gebhardt, *Pro Hac Vice*
Ramsay M. Whitworth, PA Bar # 85208
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 E. Pratt Street
Baltimore, MD 21202
(410) 385-5100

*Attorneys for Allfirst Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2003, a copy of the *Opposition to Defendant's Motion to File Additional Brief and memorandum in support* was sent via Federal Express to Edward I. Swichar, Esquire and Robert A. Burke, Esquire, BLANK ROME COMISKY & MCCAULEY LLP, One Logan Square, Philadelphia, PA 19103, *Attorneys for Defendant.*

                                                    Lawrence J. Gebhardt