

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLFIRST BANK,** | CIVIL ACTION NO. 1:CV-01-0786 |
| Plaintiff | |
| v. | |
| **JOHN M. ORTENZIO,** | |
| Defendant | |



### ORDER

On July 29, 30, and 31, 2002, the court held a bench trial in the captioned matter. On October 9, 2002, the parties filed their post trial briefs. After some quibbling over page limitations, the court allowed Defendant to file a supplemental seven page brief. Defendant filed that brief on November 13, 2002.

On January 10, 2003, Defendant filed a motion for leave to file an additional supplemental brief. Defendant apparently wishes to argue that Plaintiff's action is bared by the "gist of the action" doctrine as enunciated by the Pennsylvania Superior Court in *Etoll v. Elias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. Ct. 2002). That decision, issued on November 8, 2002, applied the "gist of the action" doctrine to bar a fraud claim. However, the *Etoll* decision was not the first decision applying the "gist of the action" doctrine to a fraud claim based on Pennsylvania law. *See, e.g., American Guarantee & Liability Ins. v. Fojanini*, 90 F. Supp. 2d 615, 622-24 (E.D. Pa. 2000) (holding that gist of the action doctrine did not bar claim for fraud). In fact, the "gist of the action" doctrine's seminal case occurred over ten years ago. *See Bash v. Bell Tel. Co.*, 601 A.2d 825 (Pa. Super. Ct. 1992). Yet, at no time prior to January 10, 2003 did Defendant argue that the "gist of the action" doctrine would bar Plaintiff's recovery on the fraud claim in this case. Moreover,

the Pennsylvania Supreme Court, whose precedence is binding authority on this court in this case, has never endorsed the "gist of the action" doctrine.

For these reasons, the court finds that it would be unfair to allow Defendant to present argument regarding the "gist of the action" doctrine at this late point in this litigation. Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's motion for leave to file a supplemental brief is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: January 30, 2003.